**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS LLC, | ) | Case No. 25-10006 (TMH) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 3** |
| | ) | |
| Tax I.D. No.: 54-1993801 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ATC TECHNOLOGIES, LLC., | ) | Case No. 25-10011 (TMH) |
| | ) | |
| Debtor. | ) | |
| | ) | **Re: Docket No. 2** |
| Tax I.D. No.: N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS (CANADA) INC., | ) | Case No. 25-10007 (TMH) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 2** |
| | ) | |
| Tax I.D. No.: N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS BUILD LLC, | ) | Case No. 25-10012 (TMH) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 2** |
| | ) | |
| Tax I.D. No.: N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS CORP., | ) | Case No. 25-10009 (TMH) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 2** |
| | ) | |
| Tax I.D. No.: N/A | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS FINANCE LLC, | Case No. 25-10013 (TMH) |
| Debtor. | **Re: Docket No. 2** |
| Tax I.D. No.: N/A | |
| In re: | Chapter 11 |
| LIGADO NETWORKS HOLDINGS (CANADA) INC., | Case No. 25-10008 (TMH) |
| Debtor. | **Re: Docket No. 2** |
| Tax I.D. No.: N/A | |
| In re: | Chapter 11 |
| LIGADO NETWORKS INC. OF VIRGINIA, | Case No. 25-10014 (TMH) |
| Debtor. | **Re: Docket No. 2** |
| Tax I.D. No.: 54-1939725 | |
| In re: | Chapter 11 |
| LIGADO NETWORKS SUBSIDIARY LLC, | Case No. 25-10010 (TMH) |
| Debtor. | **Re: Docket No. 2** |
| Tax I.D. No.: N/A | |
| In re: | Chapter 11 |
| ONE DOT SIX LLC, | Case No. 25-10015 (TMH) |
| Debtor. | **Re: Docket No. 2** |
| Tax I.D. No.: 27-0818763 | |

|  |  )  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ONE DOT SIX TVCC LLC, | ) | Case No. 25-10016 (TMH) |
|  | ) |  |
| Debtor. | ) | **Re: Docket No. 2** |
|  | ) |  |
| Tax I.D. No.: N/A | ) |  |

<u>**ORDER (I) DIRECTING JOINT ADMINISTRATION OF**</u>
<u>**CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**</u>

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned Debtors for entry of an order: (i) directing the joint administration of the Debtors' cases for procedural purposes only and (ii) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements and argument in support of the relief requested at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

1. The Motion is granted as set forth herein (this "Order").

2. The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 25-10006 (TMH).

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) | Case No. 25-10006 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. The following docket entry shall be entered on the docket of each Debtor's case other than the case of Ligado Networks LLC to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The docket in Case No. 25-10006 (TMH) should be consulted for all matters affecting this case.

6.  The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these cases.

7.  Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates, and this Order shall be without prejudice to the rights of the Debtors or any other party in interest to seek or oppose substantive consolidation of the Debtors' estates.

8.  The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

9.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: January 7th, 2025**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**