# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No.: 24-11939-JTD |
| **Wheel Pros, LLC.** *et al.,* | Chapter 11 Proceedings |
| | (Jointly Administered) |
| Debtor(s) | Hearing Date: October 15, 2024 |
| | Hearing Time: 10:00 a.m. |
| | **[Relates to Docket No.(s) 41, 95, 13, 88]** |

## CREDITOR BROWARD COUNTY'S OMNIBUS LIMITED OBJECTION TO (1) INTERIM DIP FINANCING ORDER (2) INTERIM ORDER AUTHORIZING PAYMENT OF CERTAIN PREPETITION AND POSTPETITION TAXES

Creditor Broward County hereby files this Limited Objection to the (1) *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "DIP Financing Order,") [ECF No. 95], and (2) *Interim Order (I) Authorizing the Payment of Certain Prepetition and Postpetition taxes and Fees and (II) Granting Related Relief* (the "Tax Payment Order,") [ECF No. 88]

### SUMMARY AND RELIEF SOUGHT

Broward County ("the County"), in its capacity as tax collector, holds "first liens, superior to all other liens" on the Debtors' property in Broward County, per section 197.122, Florida Statutes. The County seeks to add language to the final DIP financing Order clarifying that the Order does not prime its pre- and post-petition tax liens. In addition, the County seeks to add language to the final Tax Payment Order clarifying that the Order includes the County as a Tax

Authority. The County was not included on Exhibit C of the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fee and (II) Granting Related Relief* (the "Tax Payment Motion,") [ECF No. 13].

## OMNIBUS LIMITED OBJECTION

1. Broward County is a political subdivision of the State of Florida.

2. In its capacity as tax collector, the County is a creditor of one or more of the Debtors.

3. On September 23, 2004, the County filed Proof of Claim No. 29, in the amount of $9,371.10 for Estimated 2024 tangible personal property ("TPP") taxes.

4. Pursuant to Section 197.122, Florida Statutes, liens for 2024 TPP tax arose in favor of the County by operation of law on January 1, 2024.

5. The Motion proposes to prime some, but not all, prepetition liens upon property of the Debtor. The County is uncertain of the effect on the County's liens.

6. The Tax Payment Motion does not include the County as a Taxing Authority on Exhibit C of the Motion.[1]

7. On September 27, 2024, the undersigned emailed debtors' counsel and received an acknowledgement of receipt but no substantive response. The objection deadline is imminent.

8. The County is informed and believes that the DIP Financing Motion may grant adequate protection to junior lienholders, such as prepetition lenders. The County is unaware of

---

[1] The Tax Payment Motion includes a list of taxing entities in Exhibit C. Footnote 4 of the Motion states that "[a]lthough Exhibit C is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from Exhibit C. The Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified in Exhibit C." The County suspects this was intended to grant the Debtors authority to pay the taxes owed to Broward County in the ordinary course, but the County is not certain.

any authority for the proposition that an estate can grant adequate protection to a junior lienholder but not to a more senior one.

## PRAYER FOR RELIEF

WHEREFORE, the County respectfully asks this Court to:

A. In any final order on the DIP Financing Motion, include language clarifying that the order does not prime the County's liens; and

B. In any final order on the Tax Payment Motion, include language clarifying that the Debtors have authority to pay the County as one of the "Taxing Authorities" as that phrased is used in the Motion.

Respectfully submitted this 7th day of October 2024,

> Andrew J. Meyers
> Broward County Attorney
> Governmental Center, Suite 423
> 115 South Andrews Avenue
> Fort Lauderdale, Florida 33301
> Telephone:    (954) 357-7600
> Telecopier:   (954) 357-7641
>
> By   /s/ Scott Andron
> Scott Andron
> Assistant County Attorney
> Florida Bar No.112355
> sandron@broward.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Broward County's Limited Objection to the (1) Debtors' Interim DIP Financing Order, and (2) Interim Order Authorizing the Payment of Certain Prepetition and Postpetition taxes* has been served via electronic mail via the Court's CM/ECF system upon all parties of interest and registered CM/ECF users in this case.

> Respectfully submitted,
>
> Andrew J. Meyers

        Broward County Attorney
        Governmental Center, Suite 423
        115 South Andrews Avenue
        Fort Lauderdale, Florida 33301
        Telephone:   (954) 357-7600
        Telecopier:   (954) 357-7641

By   /s/ Scott Andron
      Scott Andron
      Assistant County Attorney
      Florida Bar No.112355
      sandron@broward.org