## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) | Case No. 25-10006 (TMH) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND
## STATEMENTS OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### General

Ligado Networks LLC ("Ligado") and certain of its affiliates, as debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), filed their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements and should be referred to and referenced in connection with any review of the Schedules and Statements.[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, financial advisors, and other representatives and professionals do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, financial advisors, and other representatives and professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Brendan Boughton, Senior Vice President, Finance & Treasurer of Ligado and its subsidiaries and an authorized signatory for each of the Debtors. In reviewing the Schedules and Statements, Mr. Boughton has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' business, Mr. Boughton has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate; *provided*, that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except to the extent required by applicable law.

---

exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

**Global Notes and Overview of Methodology**

1. **Description of the Cases**.  On January 5, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On January 7, 2025, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 89].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  On January 7, 2025, the Court entered an order authorizing Ligado Networks LLC to act as the foreign representative on behalf of Debtors' estates in any judicial or other proceedings in a foreign country, including in those proceedings commenced in Canada [Docket No. 96].

2. **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules and Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights**.  Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except to the extent required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any rights, claims, causes of action, or defenses the Debtors may have or hold against any third party or issues involving substantive consolidation, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to, among other things, recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a. **No Admission**.  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation as to the validity of any claim against any Debtor or any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements as necessary and appropriate, including but not limited to, with respect to the description, designation, or Debtor against which any claim against a Debtor is asserted.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not

"disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated" and object to the extent, validity, enforceability, priority, or avoidability of any claim (regardless of whether such claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated").

c.      **Recharacterization**.  The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  Nevertheless, due to the complexity of the Debtors' business, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired on a postpetition basis.

d.      **Classifications**.  The listing of (i) a claim (a) on Schedule D as "secured," or (b) on Schedule E/F as either "priority" or "unsecured priority," or (ii) a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken.  Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims, the characterization of the structure of any transaction, and any document or instrument related to such creditor's claim.

e.      **Estimates and Assumptions**.  To prepare these Schedules and Statements and report information on an entity-by-entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses as of the Petition Date.  Actual results could differ from such estimates.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.      **Causes of Action**.  Despite commercially reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including,

without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise (collectively, "Causes of Action"). Causes of Action also include: (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to section 362 or chapter 5 of the Bankruptcy Code; (v) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, Causes of Action, or avoidance actions, or in any way prejudice or impair the assertion of any claims or causes of action.

g.      **Intellectual Property Rights**. Exclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.      **Insiders**. For purposes of the Schedules and Statements, the Debtors define insiders as individuals or entities that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over, the respective Debtor such that they dictated corporate policy and/or the disposition of

corporate assets during the relevant time periods, irrespective of the title that the person holds. Certain individuals that may hold a senior title, but who would not fall under the definition of "insider" have not been included. However, the listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should be construed as, an admission that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual or entity exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including, without limitation, the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose. Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

## 4. <u>Methodology</u>

    a.    **Basis of Presentation**. For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for the Debtors. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP or any other generally accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. Nevertheless, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, to the extent a Debtor reports more assets than liabilities, such report

shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.  Likewise, to the extent a Debtor reports more liabilities than assets, such report shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential revision.

b.      **Reporting Date**.  The asset information provided herein, except as otherwise noted, represents the Debtors' asset data as December 31, 2024, and the Debtors' liability data is as of the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein).

c.      **Confidentiality or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements has been intentionally redacted due to, among other things, concerns for the privacy of an individual or concerns about the confidential or commercially sensitive nature of certain information.  Any alterations or redactions in the Schedules and Statements are limited only to what the Debtors believe is necessary to protect the Debtors or the applicable third party, and the Debtors have provided interested parties with sufficient information to discern the nature of the listing.  The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.  The Debtors may also be authorized or required to redact certain personal identification information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[3]

d.      **Consolidated Entity Accounts Payable and Disbursement Systems**. Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

As described more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts, (B) Utilize Their Credit Cards, and (C) Engage in Intercompany Transactions, (II) Granting a Waiver of the Requirements of Section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines, and (III) Granting Related Relief* [Docket No. 7] (the "Cash

---

[3]     *See, e.g.*, *Order (I) Authorizing the Debtors to Redact Certain Personal Identification Information and (II) Granting Related Relief* [Docket No. 95].

Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Cash Management System is supported by approximately nine bank accounts. The Debtors can generally ascertain, trace, and account for inter-Debtor transactions (the "Intercompany Transactions"). Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts, (B) Utilize Their Credit Cards, and (C) Engage in Intercompany Transactions, (II) Granting a Waiver of the Requirements of Section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines, and (III) Granting Related Relief* [Docket No. 161], the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein.

While commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation, whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment.

For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all receivables and payables, including, but not limited to, all rights to reclassify any payment or obligation as attributable to another entity, all rights with respect to the proper accounting and treatment of such payments and liabilities and all rights with respect to the characterization of intercompany claims, loans, and notes.

e.  **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

f.  **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, unless otherwise indicated, net book values set forth in these Schedules and Statements are presented as of the Petition Date for all assets. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend,

supplement, and adjust the asset values set forth in the Schedules and Statements.

Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights the Debtors have with respect to such asset. Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or at any time prior to or after the Petition Date.

g.      **Currency**. All amounts shown in the Schedules and Statements are in U.S. dollars, unless otherwise indicated. Prior to the Petition Date, the Debtors converted amounts in foreign currencies to U.S. dollars using exchange rates from OANDA as of the close of each month.

h.      **Payment of Prepetition Claims Pursuant to First Day Orders**. Following the Petition Date, the Court entered various orders authorizing, but not directing, the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, benefits, taxes, and related items; and (iv) taxes and assessments (collectively, the "First Day Orders"). As such, outstanding liabilities may have been or will be reduced by Court-approved postpetition payments made on account of prepetition payables. Where and to the extent these liabilities have been satisfied, or will be satisfied in the ordinary course, they may not be listed in the Schedules and Statements. The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

i.      **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplication of payment for such liabilities.

j.      **Setoffs**. The Debtors may incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, and negotiations and/or other disputes between the Debtors and their customers or counterparties. In accordance with the Debtors' agreements with their counterparties, these

amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  Certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

k.    **Accounts Receivable**.  The accounts receivable information listed on the Schedules includes receivables from the Debtors' customers and is calculated net of any amounts that, as of the Petition Date, may have been owed in the form of offsets or other price adjustments.

l.    **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  Certain intangibles are listed in the asset schedules for the Debtors.  Such treatment may not reflect actual legal ownership.  The Debtors owned furniture, fixtures, and equipment (the "FF&E") is stated at net book value.  The Debtors may also lease FF&E from certain third-party lessors.  The Debtors have endeavored to list any such leases in the Schedules and Statements.  Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any such lease, including, but not limited to, the recharacterization thereof.

m.    **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics' lien, materialman's lien, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).  UCC liens as of the Petition Date, if any, are listed on Schedule D.

n.    **Pledged Assets**.  A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors and may be outside of the Debtors' control, including, without limitation, in connection with the Debtors' postpetition financing facility.

o.    **Excluded Assets and Liabilities**.  Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported.  Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts, or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules.  Excluded categories of assets and liabilities include, but are not limited to,

deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, future obligations of any leases, favorable lease rights, and unfavorable lease liabilities. In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other orders that may be entered by the Court. Other immaterial assets and liabilities may also have been excluded.

p.   **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is **not** intended to reflect upon the materiality of such amount.

q.   **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." To the extent there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

r.   **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

s.   **Guarantees and Other Secondary Liability Claims**.  The Debtors exercised their commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Nevertheless, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing. The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings, debt instruments, and other such agreements on Schedule H, and the obligations for the primary obligor have been included in Schedule D, E, F, or G, as applicable. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently, or the Debtors may have included both the primary obligation and the Guarantee in the applicable Schedule D, E, E, or G, even though such

Guarantee may be unliquidated, contingent, or disputed. The Debtors may identify additional Guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional Guarantees are identified or to remove or modify previously scheduled Guarantees as appropriate.

t.   **Leases**.  The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements. To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules. In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third-party lessors for use in the daily operation of their business. Any such prepetition obligations that are known to the Debtors have been listed on Schedule F, and the underlying lease agreements are listed on Schedule G or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A/B. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

u.   **Executory Contracts**.  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of diligent efforts to identify such documents. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease.

v.   **Allocation of Liabilities**.  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve

the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

w.  **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

x.  **Umbrella or Master Agreements**. Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules to reflect changes regarding the liabilities of the Debtors with respect to such agreements, if appropriate. The master service agreements or other ancillary documents have been listed in Schedule G, but such listing does not reflect any decision by the Debtors as to whether such agreements are executory in nature.

**Specific Schedule Disclosures**

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. Unless otherwise noted, the asset totals listed on the Schedules are derived from amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1.  **Schedule A/B – Assets – Real and Personal Property.**

a.  **Part 1 – Cash and cash equivalents**. The Debtors' Cash Management System is comprised of approximately nine bank accounts. The Debtors' primary cash management bank is JP Morgan Chase Bank. Further details with respect to the Cash Management System are provided in the Cash Management Motion. The cash amounts listed are as of the Petition Date for the corresponding Debtor and reflect the bank balance, not the net book value.

b.  **Part 2 – Deposits and prepayments**. The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers as part of the ordinary course of business. The "Current Value of the Debtors' Interests in Deposits and Prepayments" reflects the amount paid and does not reflect a valuation of the Debtors' interest in connection therewith.

Certain prepayments for insurance are included on each of the Debtors' Schedule A/B, Question 8 that has an interest in the insurance policy.  The Debtors have not included retainers or advance payments provided to professional firms as deposits or prepayments based on the assumption that such retainers or advance any such retainer or advance payments were applied prepetition or will be applied in the future.

c.      **Part 3 – Accounts receivable**.  The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of December 31, 2024, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances.  Additionally, balances are net of payments received by such customers, vendors, or third parties during the period from January 1, 2025 to the Petition Date.  The accounts receivable balances in this section exclude intercompany receivables.

d.      **Part 4 – Investments**.  Part 4 identifies only subsidiaries owned directly by the applicable Debtor entity.  Subsidiaries owned indirectly by the Debtor entity are not listed.  Ownership interests in subsidiaries, partnerships, and joint interests are listed in Schedule A/B, Question 15, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

e.      **Part 7 – Office furniture, fixtures, and equipment; and collectibles**.  FF&E is recorded at net book value.  Actual realizable values may vary significantly relative to net book values as of the Petition Date.  Additionally, in an effort to reduce the volume of the disclosures that would be otherwise applicable, the Debtors are disclosing their fixed assets at the category level.

f.      **Part 9 – Real Property**.  Property leased by the Debtors is listed on both Part 9 of Schedule A/B and on Schedule G.  The Debtors reserve all rights to recharacterize their interests in real property at a later date.

g.      **Part 10 – Intangibles and intellectual property**.  Part 10 identifies the various trademarks, patents, customer lists, website domains, and licenses, among other things, owned and maintained by the Debtors.  The Schedules may not list the value of such intangible assets as no recent appraisals have been performed.

h.      **Part 11 – All other assets**.  As described more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance Policies and Surety Bond Program and Honor Obligations Thereunder, and (B) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies and Surety Bonds, and (II) Granting Related Relief* [Docket No. 14], the Debtors maintain insurance policies administered by multiple third-party insurance carriers.  The insurance policies provide coverage for, among other things, employment practices liability, general commercial liability for the

14

Debtors' business operations in the United States and Canada, property losses, risks associated with business travel outside of the United States and Canada, cargo loss, special crimes, directors' and officers' liability, and excess claims liability. Any policies owned by suppliers to which Debtor entities may have been added as a beneficiary are not included.

The Debtors have not included all potential preference actions and/or fraudulent transfer actions because the Debtors have not completed a full analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist and should not be construed as a waiver of such cause of action, claim, or right.

**2. Schedule D – Creditors Who Have Claims Secured by Property.**

a. The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates. To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred, before the Petition Date.

b. Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and/or their estates reserve the right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (i) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken, and (ii) the descriptions provided on Schedule D and herein are intended to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Detailed descriptions of the Debtors' prepetition debt structure, guarantees, and descriptions of collateral relating to each obligation, if any, contained on Schedule D are contained in the *Declaration of Douglas Smith, Chief Executive Officer of Ligado Networks LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2].

c. Schedule D does not include beneficiaries of letters of credit. Although the claims of such parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

d. The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights. The Debtors have

not investigated which of the claims may include such rights, and their population is currently unknown.

e.      Secured claims include both principal and accrued interest as of the Petition Date.

3.  **Schedule E/F – Creditors Who Have Unsecured Claims.**

a.      **Part 1 – Creditors with Priority Unsecured Claims**.  The claims listed on Part 1 arose and were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, no such dates are included for each claim listed on Part 1.  To the best of the Debtors' knowledge, all claims listed on Part 1 arose or were incurred before the Petition Date.

The Debtors have not listed any wage or wage-related obligations that the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders on Part 1.  The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

Except with respect to any pending audits, the Debtors also have not listed any tax-related obligations that the Debtors have paid or may pay pursuant to the First Day Orders on Part 1.  The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.  With respect to such claims that are subject to pending audits, the Debtors have listed all such claims as contingent, unliquidated, and disputed, pending final resolution of ongoing audits or other outstanding issues.  Further, certain of the Debtors are members of a consolidated group for tax purposes under parent company Ligado Networks LLC, and any such claims that are subject to pending audits are only listed on Ligado Networks LLC's Schedules.

b.      **Part 2 – Creditors with Nonpriority Unsecured Claims**.  The Debtors have exercised commercially reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule.  As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors.  Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts.  The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.  Additionally, certain creditors may assert mechanic's liens or other similar liens against the Debtors for amounts listed on Part 2.  The Debtors reserve their right to dispute and

challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor of any Debtor listed on Part 2. In addition, certain claims listed on Part 2 may potentially be entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have made commercially reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, software companies, landlords, utility companies, consultants, and other service providers. The Debtors, however, believe the possibility exists that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

Unless otherwise noted, the claims listed on Part 2 are based on the Debtors' books and records as of the Petition Date.

Part 2 does not include certain balances, such as deferred liabilities, accruals, or reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

Part 2 does not include reserves for liabilities that may have arisen under litigation or threatened litigation in which a Debtor is a defendant unless there is a final judgment or a settlement agreement.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or allowances, including, but not limited to, the right to assert objections and/or setoffs or recoupments with respect to same.

The Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under some or all of the First Day Orders. Each Debtor's Schedule E/F will, if applicable, reflect some of that Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or which the Debtors have been granted authority to pay, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these Chapter 11 Cases pursuant to the First Day Orders and other orders of the Court, and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

4. **Schedule G – Executory Contracts and Unexpired Leases.**

    a.    Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements") as of the filing of the Statements and Schedules, the Debtors' collection and review process of the Agreements is ongoing, and inadvertent errors, omissions, or over- or under-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, master service agreements, and confidentiality agreements, that may not be set forth in Schedule G. The Debtors have not included on Schedule G engagement letters with any of the Debtors' professionals. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease, that such Agreement was in effect on the Petition Date, or that such Agreement is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Remaining terms of Agreements listed on Schedule G are shown as recorded in the Debtors' records.

5. **Schedule H – Codebtors.**

    a.    The Debtors are party to various debt agreements that were executed by multiple Debtors. The guaranty obligations under prepetition secured credit agreements are noted on Schedule H for each individual Debtor. In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert crossclaims and counterclaims against other parties. To the extent such claims are listed elsewhere in the Schedules of each applicable Debtor, they have not been set forth individually on Schedule H. In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors. To the extent these Global Notes include notes specific to Schedules D–G, such Global Notes also apply to the co-Debtors listed in Schedule H. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Specific Notes with Respect to the Debtors' Statements of Financial Affairs**

1. **Statement 3**.  The Debtors have responded to Question 3 in detailed format by creditor.  Certain amounts have been converted from Canadian dollars to U.S. dollars based on the conversion rate as of the month of the date of the invoice.

   The payments disclosed in Statement 3 are based on actual payment transfers made by the Debtors with payment dates from October 7, 2024, to the Petition Date.

   The response to Question 3, however, does not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11) or intercompany transfers.  The response to Statement 3 also excludes regular salary payments and ordinary course bonus payments, as well as disbursements or transfers which are listed, to the extent required, on Statement 4.

2. **Statement 4**.  Refer to the Methodology section regarding all payments to insiders.  The Debtors have responded to Questions 4 in detailed format by insider in the attachment for Question 4.  The amounts listed under Question 4 reflect the gross amounts paid to such insiders, rather than the net amounts after deducting for tax withholdings.  To the extent (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed in Question 4 those payments made while such person was defined as an insider.

3. **Statement 7**.  The Debtors used commercially reasonable efforts to identify all legal actions, proceedings, and audits within one-year of the Petition Date and assign appropriate descriptions thereto using information available to the Debtors.  Certain of the Debtors are members of a consolidated group for tax purposes under parent company Ligado Networks LLC, and any audits listed are only listed on Statement 7 for Ligado Networks LLC.

4. **Statement 9**.  For the avoidance of doubt, Statement 9 excludes *de minimis* charitable contributions.

5. **Statement 11**.  The response to Question 11 identifies the Debtor that made a payment in respect of professionals that provided the Debtors with consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one (1) year immediately preceding the Petition Date.  Although such services were provided for the benefit of and on behalf of all of the Debtors, all of the payments for such services were made by Ligado Networks LLC (to U.S. professionals) and Ligado Networks Corp. (to Canadian professionals) and are, therefore, only listed on that Debtor's responses.  Additionally, due to the nature of certain of the Debtors' professionals' work, distinguishing payments related to the Debtors' bankruptcy proceedings from payments for services unrelated to the Debtors' bankruptcy proceedings can be difficult.  The Debtors have not separately identified payments related to non-bankruptcy-related services from payments related to bankruptcy or restructuring services on Statement 11.

In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to professionals advising non-debtor third parties in connection with the Debtors or these Chapter 11 Cases.

6. **Statement 20**.   The locations listed for off-premises storage do not include cloud-based storage of electronic data.

7. **Statement 26**.   The Debtors are a private company who provide financial information to their shareholders. In addition, the Debtors have historically provided financial statements to various interested parties over the past two years, including but not limited to, insurance carriers, lenders and financial institutions, landlords, vendors, advisors, noteholders, and others. Considering the number of such recipients, the Debtors have not disclosed any parties that may have received such financial statements for purposes of Statement 26d.

8. **Statements 28 and 29**.   For purposes of the Schedules and Statements, the Debtors define "controlling interest holders" to include entities that directly hold in excess of 20% of the voting interests of the applicable Debtor entity.   Entities listed as "controlling interest holders" have been included for informational purposes only.   The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could successfully argue that it is not a "controlling interest holders" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.   For certain entities included in this response, the owner may hold ownership in trusts or managed accounts versus in its individual capacity.

9. **Statement 30**.   Distributions by the Debtors to their insiders are listed on the attachment to Question 4.   The amounts listed under Question 4 reflect the gross amounts paid to such insiders, rather than the net amounts after deducting for tax withholdings.

**Fill in this information to identify the case:**

Debtor name: <u>Ligado Networks LLC</u>

United States Bankruptcy Court for the Division, District of <u>Delaware</u>

Case number (If known): <u>25-10006</u>

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1.  Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From | 01/01/2024<br>MM / DD /YYYY | to  12/31/2024<br>MM / DD /YYYY | ☑ Operating a business<br>☐ Other | $7,742,432.00 |
| For prior year: | From | 01/01/2023<br>MM / DD /YYYY | to  12/31/2023<br>MM / DD /YYYY | ☑ Operating a business<br>☐ Other | $8,022,906.00 |
| For the year before that: | From | 01/01/2022<br>MM / DD /YYYY | to  12/31/2022<br>MM / DD /YYYY | ☑ Operating a business<br>☐ Other | $8,724,529.00 |

**2.  Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | | Description of sources of revenue<br>Check all that apply | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From | 01/01/2024<br>MM / DD /YYYY | 12/31/2024<br>to  MM / DD /YYYY | Other gains & losses | $14,861,825.51 |
| For prior year: | From | 01/01/2023<br>MM / DD /YYYY | 12/31/2023<br>to  MM / DD /YYYY | Other gains & losses | $9,317,322.01 |
| For the year before that: | From | 01/01/2022<br>MM / DD /YYYY | 12/31/2022<br>to  MM / DD /YYYY | N/A | $0.00 |

**Part 2:**    List Certain Transfers Made Before Filing or Obtain Property

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ **None**

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1. See Attached Exhibit SOFA 3 | | $ 23,952,012.41 | ☐ Secured debt |
| Creditor's name | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| Street | | | ☐ Services |
| | | | ☐ Other |
| City            State            ZIP Code | | | |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31)

☐ **None**

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. See Attached Exhibit SOFA4 | | $ 9,057,676.37 | |
| Insider's name | | | |
| Street | | | |
| City            State            ZIP Code | | | |
| **Relationship to debtor** | | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6

☑ **None**

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt

☑ **None**

**Part 3:**    Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case

☐ **None**

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 Ligado Networks LLC v U.S. Department of Defense, Department of Commerce and National Telecommunications and Information Administration | As set forth in the complaint filed at Docket No. 1 in Case No. 1:23-cv-01797 | U.S. Court of Federal Claims<br>Name<br>717 Madison Pl NW<br>Street<br>Washington, DC          20439<br>City          State          ZIP Code | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| Case number<br>1:23-cv-01797 | | | |
| 7.2 Ligado Networks LLC v Inmarsat Global Limited | As set forth in the complaint filed at Docket No. 1 in Case No. 1:25-ap-50000 | U.S. Bankruptcy Court for the District of Delaware<br>Name<br>824 N Market St, Ste 500<br>Street<br>Wilmington          DE          19801<br>City          State          ZIP Code | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| Case number<br>1:25-ap-50000 | | | |

| 7.3 | Internal Revenue Service Audit | Audit of 2021 Federal Tax Return | U.S. Internal Revenue Service | ☑ Pending |
| | | | | ☐ On appeal |
| | **Case number** | | Name | ☐ Concluded |
| | | | Attn: Mitchell Georgic 1320 Central Park Blvd, Ste 400 | |
| | | | Street | |
| | | | Fredericksburg          VA          22401 | |
| | | | City          State          ZIP Code | |

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case

☑ None

## Part 4:    Certain Gifts and Charitable Contributions

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

## Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

## Part 6:    Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1  See Attached Exhibit SOFA11 | | | $14,426,478.23 |
| **Addresses** | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |
| **Email or website addresses** | | | |
| **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device. Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

## Part 7:    Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ None

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
--- diagnosing or treating injury, deformity, or disease, or
--- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ None

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

  ☐ No. Go to Part 10.

  ☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| Ligado Networks LLC 401(k) Plan | EIN: 5-22740 |

Has the plan been terminated?

☑ No.

☐ Yes.

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | Orbit Logistics LLC    Name<br>14190 N Washington HWY    Street<br>Ashland    VA    23005<br>City    State    ZIP Code | Orbit Logistics Fulfillment employees<br>**Address** | Distribution for new and repair equipment - for customer | ☐ No.<br>☑ Yes. |
| 20.2 | Polaris Worldwide Logistics    Name<br>7225 Standard Dr    Street<br>Hanover    MD    21076<br>City    State    ZIP Code | Polaris Logistics Employees, Ligado Networks: Doug Hall<br>**Address** | Spare/excess equipment -Infrastructure Excess-Facilities | ☐ No.<br>☑ Yes. |
| 20.3 | Iron Mountain    Name<br>8200 Preston Ct    Street<br>Jessup    MD    20191<br>City    State    ZIP Code | **Address** | Document storage | ☐ No.<br>☑ Yes. |

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

☑ None

| Part 12: | Details About Environmental Information |
|---|---|

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No.

☐ Yes. Provide details below

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**
☑ No.
☐ Yes. Provide details below

24. **Has the debtor notified any governmental unit of any release of hazardous material?**
☑ No.
☐ Yes. Provide details below

---

**Part 13:**      Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1   See Attached Exhibit SOFA 25<br>Name<br><br>Street<br><br>City     State     ZIP Code<br><br>Country | | EIN: __ __ - __ __ __ __ __ __ __<br>Dates business existed<br><br>From   Unknown     To   Present |

26. **Books, records, and financial statements**
26a.List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ **None**

| 26a.1. | Name and address | | | Dates of service |
|---|---|---|---|---|
| | Denise Bratcher<br>Name<br>10802 Parkridge Blvd<br>Street<br>Reston    VA    20191<br>City    State    ZIP Code<br>United States<br>Country | | | From   02/11/2002   To   Present |

| 26a.2. | Name and address | | | Dates of service |
|---|---|---|---|---|
| | Jennifer Gladwin<br>Name<br>10802 Parkridge Blvd<br>Street<br>Reston    VA    20191<br>City    State    ZIP Code<br>United States<br>Country | | | From   09/25/1995   To   Present |

| 26a.3. | Name and address | | | Dates of service |
|---|---|---|---|---|
| | Evangeline Willis<br>Name<br>10802 Parkridge Blvd<br>Street<br>Reston    VA    20191<br>City    State    ZIP Code<br>United States<br>Country | | | From   10/17/2001   To   Present |

| 26a.4. | Name and address | | | Dates of service |
|---|---|---|---|---|
| | Nicole Landriault<br>Name<br>1601 Telesat Court<br>Street<br>Ottawa    ON    K1B 1B9<br>City    State    ZIP Code<br>Canada<br>Country | | | From   02/12/1991   To   Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ **None**

| 26b.1. | Name and address | | | Dates of service | | |
|---|---|---|---|---|---|---|
| | Ernst & Young LLP | | | From | Unknown | To Present |
| | Name | | | | | |
| | Attn: Daniel Kotter, Engagement Partner, 1775 Tysons Blvd | | | | | |
| | Street | | | | | |
| | Tysons | VA | 22102 | | | |
| | City | State | ZIP Code | | | |
| | United States | | | | | |
| | Country | | | | | |

*Dates of Service: Greater than 2 years*

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ **None**

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ **None**

| 26d.1. | Name and address | | |
|---|---|---|---|
| | See Global Notes | | |
| | Name | | |
| | Street | | |
| | City | State | ZIP Code |
| | Country | | |

## 27. Inventories

☐ No.
☑ Yes. Give the details about the two most recent inventories.

| 27.1 | Name of the person who supervised the taking of the inventory | | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|---|
| | Shannon Cummings | | 7/31/2024 | $1,496,590.00 |
| | **Name and address of the person who has possession of inventory records** | | | **Basis of dollar amount** |
| | Ligado Networks LLC, et al. | | | Average Cost |
| | Creditor's name | | | |
| | 10802 Parkridge Blvd | | | |
| | Street | | | |
| | Reston | VA | 20191 | |
| | City | State | ZIP Code | |
| | United States | | | |
| | Country | | | |

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached Exhibit SOFA28 | | | |

## 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☑ No.
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**

- ☐ No.
- ☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 See SOFA4 | | | |
| Name | | | |
| | | | |
| City                State                ZIP Code | | | |
| | | | |
| Country | | | |
| **Relationship to debtor** | | | |

---

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ☐ No.
- ☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Ligado Networks LLC | EIN: 54-1993801 |

---

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ☑ No.
- ☐ Yes. Identify below.

---

**Part 14:**       **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct

Executed on        02/14/2025
                   MM / DD / YYYY

/s/ Brendan Boughton                                    Printed name   Brendan Boughton
Signature of individual signing on behalf of the debtor

Position or relationship to debtor        Senior Vice President, Finance

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

- ☐ No
- ☑ Yes

# STATEMENT OF FINANCIAL AFFAIRS

EXHIBIT
PART 2, QUESTION 3

CERTAIN PAYMENTS OR TRANSFERS TO CREDITORS
WITHIN 90 DAYS BEFORE FILING THIS CASE

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| ADP Inc | 11/13/2024 | $21,558.36 | Suppliers or Vendors |
| ADP Inc | 12/11/2024 | $5,400.00 | Suppliers or Vendors |
| Aetna Life Insurance Company | 11/6/2024 | $109,995.17 | Suppliers or Vendors |
| Aetna Life Insurance Company | 12/5/2024 | $117,577.90 | Suppliers or Vendors |
| Aetna Life Insurance Company | 1/2/2025 | $115,895.83 | Suppliers or Vendors |
| Alianza, Inc. | 11/6/2024 | $56,258.55 | Suppliers or Vendors |
| Alianza, Inc. | 12/5/2024 | $55,784.97 | Suppliers or Vendors |
| Alianza, Inc. | 1/3/2025 | $55,493.94 | Suppliers or Vendors |
| Allied Universal Security Services | 10/9/2024 | $8,736.00 | Suppliers or Vendors |
| Allied Universal Security Services | 10/30/2024 | $4,368.00 | Suppliers or Vendors |
| Allied Universal Security Services | 11/6/2024 | $8,736.00 | Suppliers or Vendors |
| Allied Universal Security Services | 11/13/2024 | $13,143.00 | Suppliers or Vendors |
| Allied Universal Security Services | 11/21/2024 | $4,368.00 | Suppliers or Vendors |
| Allied Universal Security Services | 11/27/2024 | $4,368.00 | Suppliers or Vendors |
| Allied Universal Security Services | 12/11/2024 | $9,048.00 | Suppliers or Vendors |
| Allied Universal Security Services | 12/18/2024 | $4,368.00 | Suppliers or Vendors |
| Allied Universal Security Services | 12/26/2024 | $4,368.00 | Suppliers or Vendors |
| Allied Universal Security Services | 1/2/2025 | $4,680.00 | Suppliers or Vendors |
| Amazon Web Services LLC | 10/9/2024 | $7,627.01 | Suppliers or Vendors |
| Amazon Web Services LLC | 11/13/2024 | $7,792.12 | Suppliers or Vendors |
| Amazon Web Services LLC | 12/11/2024 | $7,795.45 | Suppliers or Vendors |
| Amazon Web Services LLC | 1/2/2025 | $7,963.46 | Suppliers or Vendors |
| Aon Risk Services Northeast Inc | 12/9/2024 | $2,273,594.00 | Suppliers or Vendors |
| Aon Risk Services Northeast Inc | 12/18/2024 | $395.00 | Suppliers or Vendors |
| Aon Risk Services Northeast Inc | 12/20/2024 | $4,547,187.00 | Suppliers or Vendors |
| Bernstein Management Corporation | 10/23/2024 | $2,980.42 | Suppliers or Vendors |
| Bernstein Management Corporation | 10/30/2024 | $74,166.61 | Suppliers or Vendors |
| Bernstein Management Corporation | 11/21/2024 | $5,439.08 | Suppliers or Vendors |
| Bernstein Management Corporation | 11/27/2024 | $72,031.23 | Suppliers or Vendors |
| Bernstein Management Corporation | 12/11/2024 | $5,562.01 | Suppliers or Vendors |
| Bernstein Management Corporation | 12/18/2024 | $72,031.23 | Suppliers or Vendors |
| Bowers | 10/9/2024 | $8,500.00 | Suppliers or Vendors |
| Brownstein Hyatt Farber Schreck, LLP | 10/9/2024 | $20,500.00 | Suppliers or Vendors |
| Brownstein Hyatt Farber Schreck, LLP | 10/30/2024 | $20,500.00 | Suppliers or Vendors |
| Brownstein Hyatt Farber Schreck, LLP | 11/13/2024 | $20,500.00 | Suppliers or Vendors |
| Brownstein Hyatt Farber Schreck, LLP | 12/11/2024 | $20,500.00 | Suppliers or Vendors |
| Cleary Gottlieb Steen & Hamilton LLP | 12/20/2024 | $50,000.00 | Suppliers or Vendors |
| Comcast Communications | 10/16/2024 | $3,688.29 | Suppliers or Vendors |
| Comcast Communications | 11/13/2024 | $3,930.17 | Suppliers or Vendors |
| Comcast Communications | 12/18/2024 | $3,688.38 | Suppliers or Vendors |
| Comcast Communications | 10/9/2024 | $241.94 | Suppliers or Vendors |
| Comcast Communications | 12/11/2024 | $241.94 | Suppliers or Vendors |
| Covington & Burling LLP | 10/9/2024 | $69,917.00 | Suppliers or Vendors |
| Covington & Burling LLP | 11/13/2024 | $101,373.00 | Suppliers or Vendors |
| Covington & Burling LLP | 11/27/2024 | $122,100.50 | Suppliers or Vendors |
| Covington & Burling LLP | 12/11/2024 | $81,329.00 | Suppliers or Vendors |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| Covington & Burling LLP | 12/18/2024 | $55,000.00 | Suppliers or Vendors |
| Cr Federal | 10/30/2024 | $35,000.00 | Suppliers or Vendors |
| Cr Federal | 11/21/2024 | $35,000.00 | Suppliers or Vendors |
| Cr Federal | 12/18/2024 | $35,000.00 | Suppliers or Vendors |
| Cr Federal | 12/20/2024 | $35,000.00 | Suppliers or Vendors |
| Donnelley Financial, LLC | 10/16/2024 | $6,156.09 | Suppliers or Vendors |
| Donnelley Financial, LLC | 11/21/2024 | $6,215.54 | Suppliers or Vendors |
| Donnelley Financial, LLC | 12/18/2024 | $6,261.78 | Suppliers or Vendors |
| Ernst & Young LLP | 10/16/2024 | $22,515.00 | Suppliers or Vendors |
| Ernst & Young LLP | 10/30/2024 | $4,080.00 | Suppliers or Vendors |
| Ernst & Young LLP | 11/6/2024 | $9,160.00 | Suppliers or Vendors |
| Ernst & Young LLP | 11/13/2024 | $6,675.00 | Suppliers or Vendors |
| Ernst & Young LLP | 11/21/2024 | $3,650.00 | Suppliers or Vendors |
| Ernst & Young LLP | 11/27/2024 | $2,535.00 | Suppliers or Vendors |
| Ernst & Young LLP | 12/5/2024 | $2,125.00 | Suppliers or Vendors |
| Ernst & Young LLP | 12/11/2024 | $54,280.00 | Suppliers or Vendors |
| Ernst & Young LLP | 12/18/2024 | $46,905.00 | Suppliers or Vendors |
| Ernst & Young LLP | 1/2/2025 | $50,000.00 | Suppliers or Vendors |
| Etsi | 10/23/2024 | $3,321.60 | Suppliers or Vendors |
| Etsi | 12/12/2024 | $10,619.29 | Suppliers or Vendors |
| Fibertronics, Inc | 10/30/2024 | $29,367.08 | Suppliers or Vendors |
| Flexsource, Inc. | 11/21/2024 | $54,000.00 | Suppliers or Vendors |
| Flexsource, Inc. | 1/2/2025 | $54,000.00 | Suppliers or Vendors |
| Foley & Lardner LLP | 11/26/2024 | $9,126.00 | Suppliers or Vendors |
| Foley & Lardner LLP | 1/3/2025 | $77,019.60 | Suppliers or Vendors |
| Freshfields Us LLP | 1/3/2025 | $550,000.00 | Suppliers or Vendors |
| Gct Semiconductor, Inc | 12/18/2024 | $149,200.00 | Suppliers or Vendors |
| Grafana Labs | 12/11/2024 | $38,587.50 | Suppliers or Vendors |
| Greenberg Traurig, LLP | 11/21/2024 | $163,629.70 | Suppliers or Vendors |
| Greenberg Traurig, LLP | 11/27/2024 | $279,742.09 | Suppliers or Vendors |
| Greenberg Traurig, LLP | 12/11/2024 | $215,832.87 | Suppliers or Vendors |
| Greenberg Traurig, LLP | 12/23/2024 | $3,000.00 | Suppliers or Vendors |
| Guggenheim Securities, LLC | 11/6/2024 | $176,103.48 | Suppliers or Vendors |
| Guggenheim Securities, LLC | 12/11/2024 | $175,548.56 | Suppliers or Vendors |
| Guggenheim Securities, LLC | 1/2/2025 | $175,811.15 | Suppliers or Vendors |
| Hewlett Packard Enterprise Company | 10/30/2024 | $46,400.00 | Suppliers or Vendors |
| Intelsat | 10/9/2024 | $47,666.33 | Suppliers or Vendors |
| Intelsat | 11/13/2024 | $47,262.68 | Suppliers or Vendors |
| Intelsat | 12/11/2024 | $47,144.51 | Suppliers or Vendors |
| Intelsat | 1/3/2025 | $46,448.27 | Suppliers or Vendors |
| International Telecommunication Union | 12/4/2024 | $29,404.94 | Suppliers or Vendors |
| International Telecommunication Union | 1/3/2025 | $35,746.40 | Suppliers or Vendors |
| Interstate Trs Fund | 10/9/2024 | $6,734.37 | Suppliers or Vendors |
| Interstate Trs Fund | 11/13/2024 | $6,734.37 | Suppliers or Vendors |
| Interstate Trs Fund | 12/11/2024 | $6,734.37 | Suppliers or Vendors |
| Intralinks, Inc | 10/9/2024 | $2,484.04 | Suppliers or Vendors |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| Intralinks, Inc | 11/13/2024 | $2,484.04 | Suppliers or Vendors |
| Intralinks, Inc | 12/11/2024 | $2,484.04 | Suppliers or Vendors |
| Intralinks, Inc | 1/3/2025 | $2,709.46 | Suppliers or Vendors |
| Invariant | 10/23/2024 | $30,000.00 | Suppliers or Vendors |
| Invariant | 10/30/2024 | $30,900.00 | Suppliers or Vendors |
| Invariant | 11/21/2024 | $60,900.00 | Suppliers or Vendors |
| Invariant | 12/18/2024 | $71,611.25 | Suppliers or Vendors |
| Invariant | 12/20/2024 | $30,000.00 | Suppliers or Vendors |
| Invariant | 1/2/2025 | $30,000.00 | Suppliers or Vendors |
| Invariant | 1/3/2025 | $30,900.00 | Suppliers or Vendors |
| Jacqueline H. Coats | 10/16/2024 | $20,000.00 | Suppliers or Vendors |
| Jacqueline H. Coats | 11/6/2024 | $16,000.00 | Suppliers or Vendors |
| Jacqueline H. Coats | 11/21/2024 | $16,000.00 | Suppliers or Vendors |
| Jacqueline H. Coats | 12/11/2024 | $12,000.00 | Suppliers or Vendors |
| Jefferies Finance LLC | 1/2/2025 | $15,000.00 | Suppliers or Vendors |
| Kirkland And Ellis LLP | 12/5/2024 | $8,883.00 | Suppliers or Vendors |
| Kirkland And Ellis LLP | 12/23/2024 | $5,541,935.57 | Suppliers or Vendors |
| Kirkland And Ellis LLP | 12/20/2024 | $19,720.05 | Suppliers or Vendors |
| Kirkland And Ellis LLP | 1/2/2025 | $1,500,000.00 | Suppliers or Vendors |
| Lerman Senter PLLC | 11/6/2024 | $10,890.00 | Suppliers or Vendors |
| Lerman Senter PLLC | 11/13/2024 | $30,232.50 | Suppliers or Vendors |
| Lerman Senter PLLC | 11/21/2024 | $16,158.75 | Suppliers or Vendors |
| Lerman Senter PLLC | 12/11/2024 | $4,085.00 | Suppliers or Vendors |
| Lerman Senter PLLC | 12/18/2024 | $12,683.75 | Suppliers or Vendors |
| Lerman Senter PLLC | 1/2/2025 | $4,847.50 | Suppliers or Vendors |
| Lerman Senter PLLC | 1/3/2025 | $220.00 | Suppliers or Vendors |
| Level 3 Communications LLC | 10/30/2024 | $3,009.00 | Suppliers or Vendors |
| Level 3 Communications LLC | 11/13/2024 | $3,009.00 | Suppliers or Vendors |
| Level 3 Communications LLC | 12/18/2024 | $3,009.00 | Suppliers or Vendors |
| Markit North America, Inc. | 10/9/2024 | $5,000.00 | Suppliers or Vendors |
| Markit North America, Inc. | 10/30/2024 | $5,000.00 | Suppliers or Vendors |
| Markit North America, Inc. | 12/11/2024 | $5,000.00 | Suppliers or Vendors |
| Markit North America, Inc. | 1/2/2025 | $5,000.00 | Suppliers or Vendors |
| Mavenir Systems, Inc. | 12/18/2024 | $750,000.00 | Suppliers or Vendors |
| Mayer Brown LLP | 11/6/2024 | $4,605.75 | Suppliers or Vendors |
| Mayer Brown LLP | 12/11/2024 | $4,363.38 | Suppliers or Vendors |
| Mayer Brown LLP | 12/18/2024 | $9,174.14 | Suppliers or Vendors |
| Mcknight & Associates Inc | 10/9/2024 | $14,700.00 | Suppliers or Vendors |
| Mcknight & Associates Inc | 11/13/2024 | $1,960.00 | Suppliers or Vendors |
| Mercury Strategies, LLC | 10/9/2024 | $25,000.00 | Suppliers or Vendors |
| Mercury Strategies, LLC | 11/21/2024 | $25,000.00 | Suppliers or Vendors |
| Mercury Strategies, LLC | 12/18/2024 | $25,000.00 | Suppliers or Vendors |
| Michael Tseytlin | 10/30/2024 | $5,000.00 | Suppliers or Vendors |
| Michael Tseytlin | 11/27/2024 | $5,000.00 | Suppliers or Vendors |
| Michael Tseytlin | 12/11/2024 | $5,000.00 | Suppliers or Vendors |
| Munger Tolles & Olson LLP | 12/5/2024 | $86,006.00 | Suppliers or Vendors |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| Munger Tolles & Olson LLP | 12/18/2024 | $101,694.50 | Suppliers or Vendors |
| Orbit Logistics LLC | 10/9/2024 | $4,521.02 | Suppliers or Vendors |
| Orbit Logistics LLC | 11/13/2024 | $4,460.85 | Suppliers or Vendors |
| Orbit Logistics LLC | 12/11/2024 | $4,573.84 | Suppliers or Vendors |
| Patsnap UK Ltd | 11/21/2024 | $21,400.01 | Suppliers or Vendors |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | 10/23/2024 | $57,802.55 | Suppliers or Vendors |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | 11/27/2024 | $49,950.25 | Suppliers or Vendors |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | 12/18/2024 | $348,083.70 | Suppliers or Vendors |
| Pillsbury Winthrop Shaw Pittman LLP | 10/9/2024 | $13,320.00 | Suppliers or Vendors |
| Pillsbury Winthrop Shaw Pittman LLP | 11/6/2024 | $19,809.00 | Suppliers or Vendors |
| Pillsbury Winthrop Shaw Pittman LLP | 11/21/2024 | $7,174.00 | Suppliers or Vendors |
| Plumbline Public Affairs | 11/6/2024 | $42,000.00 | Suppliers or Vendors |
| Plumbline Public Affairs | 12/5/2024 | $42,000.00 | Suppliers or Vendors |
| Plumbline Public Affairs | 1/2/2025 | $42,000.00 | Suppliers or Vendors |
| Polaris Worldwide Logistics | 10/9/2024 | $4,400.00 | Suppliers or Vendors |
| Polaris Worldwide Logistics | 10/30/2024 | $1,199.02 | Suppliers or Vendors |
| Polaris Worldwide Logistics | 11/13/2024 | $3,492.00 | Suppliers or Vendors |
| Polaris Worldwide Logistics | 12/11/2024 | $3,050.00 | Suppliers or Vendors |
| Polaris Worldwide Logistics | 12/18/2024 | $1,198.81 | Suppliers or Vendors |
| Politico LLC | 1/3/2025 | $27,408.00 | Suppliers or Vendors |
| Principal Financial Group | 10/18/2024 | $26,282.20 | Suppliers or Vendors |
| Principal Financial Group | 11/1/2024 | $35,977.09 | Suppliers or Vendors |
| Principal Financial Group | 11/15/2024 | $31,037.57 | Suppliers or Vendors |
| Principal Financial Group | 11/21/2024 | $28,830.35 | Suppliers or Vendors |
| Principal Financial Group | 12/13/2024 | $27,856.17 | Suppliers or Vendors |
| Principal Financial Group | 12/18/2024 | $29,683.22 | Suppliers or Vendors |
| Priori Legal, Inc | 10/9/2024 | $2,342.40 | Suppliers or Vendors |
| Priori Legal, Inc | 11/13/2024 | $4,262.65 | Suppliers or Vendors |
| Priori Legal, Inc | 11/21/2024 | $8,083.45 | Suppliers or Vendors |
| Priori Legal, Inc | 12/11/2024 | $230.65 | Suppliers or Vendors |
| Priori Legal, Inc | 12/18/2024 | $3,917.05 | Suppliers or Vendors |
| Priori Legal, Inc | 1/3/2025 | $1,670.90 | Suppliers or Vendors |
| Prosys | 11/13/2024 | $41,807.46 | Suppliers or Vendors |
| Q4 Inc | 11/21/2024 | $8,430.10 | Suppliers or Vendors |
| Rational 360 | 11/13/2024 | $7,000.00 | Suppliers or Vendors |
| Rational 360 | 12/5/2024 | $7,000.00 | Suppliers or Vendors |
| Reh Advisors LLC | 12/11/2024 | $50,000.00 | Suppliers or Vendors |
| Sciencelogic, Inc. | 11/21/2024 | $108,717.12 | Suppliers or Vendors |
| Sciplin LLC | 11/6/2024 | $36,500.00 | Suppliers or Vendors |
| Sciplin LLC | 12/11/2024 | $36,500.00 | Suppliers or Vendors |
| Sciplin LLC | 1/2/2025 | $36,500.00 | Suppliers or Vendors |
| Selendy Gay PLLC | 11/6/2024 | $106,998.44 | Suppliers or Vendors |
| Selendy Gay PLLC | 11/27/2024 | $53,992.08 | Suppliers or Vendors |
| Selendy Gay PLLC | 12/20/2024 | $40,800.00 | Suppliers or Vendors |
| Sidley Austin LLP | 12/23/2024 | $630,619.22 | Suppliers or Vendors |
| Sidley Austin LLP | 1/2/2025 | $469,135.21 | Suppliers or Vendors |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| Sony Semiconductor Israel Ltd | 12/18/2024 | $135,000.00 | Suppliers or Vendors |
| Synoptek, LLC | 10/30/2024 | $886.20 | Suppliers or Vendors |
| Synoptek, LLC | 11/6/2024 | $2,682.00 | Suppliers or Vendors |
| Synoptek, LLC | 11/13/2024 | $886.20 | Suppliers or Vendors |
| Synoptek, LLC | 11/21/2024 | $2,682.00 | Suppliers or Vendors |
| Synoptek, LLC | 12/18/2024 | $3,568.20 | Suppliers or Vendors |
| Telemedia Policy Corp | 10/30/2024 | $15,000.00 | Suppliers or Vendors |
| Telemedia Policy Corp | 11/21/2024 | $15,000.00 | Suppliers or Vendors |
| Telemedia Policy Corp | 12/11/2024 | $15,000.00 | Suppliers or Vendors |
| Telemedia Policy Corp | 12/20/2024 | $15,000.00 | Suppliers or Vendors |
| Telesat Canada | 10/30/2024 | $74,760.13 | Suppliers or Vendors |
| Telesat Canada | 11/21/2024 | $74,760.12 | Suppliers or Vendors |
| Telesat Canada | 12/11/2024 | $64,913.00 | Suppliers or Vendors |
| Telesat Canada | 1/2/2025 | $64,913.00 | Suppliers or Vendors |
| Teleworld Solutions | 10/23/2024 | $9,992.00 | Suppliers or Vendors |
| Teleworld Solutions | 11/21/2024 | $9,992.00 | Suppliers or Vendors |
| Teleworld Solutions | 12/11/2024 | $9,992.00 | Suppliers or Vendors |
| Tessco Incorporated | 11/13/2024 | $516.40 | Suppliers or Vendors |
| Tessco Incorporated | 11/21/2024 | $9,288.59 | Suppliers or Vendors |
| The Lincoln National Life Insurance Company | 10/16/2024 | $6,353.63 | Suppliers or Vendors |
| The Lincoln National Life Insurance Company | 11/6/2024 | $8,382.71 | Suppliers or Vendors |
| The Lincoln National Life Insurance Company | 11/13/2024 | $2,591.57 | Suppliers or Vendors |
| The Lincoln National Life Insurance Company | 12/5/2024 | $8,382.71 | Suppliers or Vendors |
| The Lincoln National Life Insurance Company | 1/2/2025 | $8,689.50 | Suppliers or Vendors |
| Transfinite Systems Ltd | 10/30/2024 | $8,100.00 | Suppliers or Vendors |
| Truist Bank | 10/8/2024 | $2,386.99 | Suppliers or Vendors |
| Truist Bank | 10/14/2024 | $5,834.90 | Suppliers or Vendors |
| Truist Bank | 11/6/2024 | $2,927.06 | Suppliers or Vendors |
| Truist Bank | 11/13/2024 | $6,491.85 | Suppliers or Vendors |
| Truist Bank | 12/5/2024 | $6,930.79 | Suppliers or Vendors |
| Truist Bank | 12/17/2024 | $4,471.70 | Suppliers or Vendors |
| Truist Bank | 12/20/2024 | $6,147.72 | Suppliers or Vendors |
| Truist Bank | 12/31/2024 | $438.23 | Suppliers or Vendors |
| Ubiik USA Inc | 10/30/2024 | $57,500.00 | Suppliers or Vendors |
| Ubiik USA Inc | 11/13/2024 | $44,500.00 | Suppliers or Vendors |
| US Bank National Association | 10/18/2024 | $40,000.00 | Suppliers or Vendors |
| US Bank National Association | 11/21/2024 | $140,063.65 | Suppliers or Vendors |
| US Bank National Association | 12/20/2024 | $62,021.20 | Suppliers or Vendors |
| US Bank National Association | 1/3/2025 | $86,918.05 | Suppliers or Vendors |
| USAC | 10/23/2024 | $37,856.00 | Suppliers or Vendors |
| USAC | 11/19/2024 | $37,856.00 | Suppliers or Vendors |
| USAC | 12/18/2024 | $37,856.00 | Suppliers or Vendors |
| Verizon | 10/30/2024 | $3,232.46 | Suppliers or Vendors |
| Verizon | 12/5/2024 | $2,891.92 | Suppliers or Vendors |
| Verizon | 12/27/2024 | $2,595.70 | Suppliers or Vendors |
| Viasat, Inc. | 11/6/2024 | $72,500.00 | Suppliers or Vendors |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| Viasat, Inc. | 11/21/2024 | $70,875.00 | Suppliers or Vendors |
| Viasat, Inc. | 12/5/2024 | $72,500.00 | Suppliers or Vendors |
| Viasat, Inc. | 12/19/2024 | $10,765.00 | Suppliers or Vendors |
| Westar Satellite Services LP | 11/6/2024 | $48,297.28 | Suppliers or Vendors |
| Westar Satellite Services LP | 12/5/2024 | $48,423.36 | Suppliers or Vendors |
| Westar Satellite Services LP | 12/11/2024 | $11,360.29 | Suppliers or Vendors |
| Westar Satellite Services LP | 1/2/2025 | $47,204.08 | Suppliers or Vendors |
| Willis Towers Watson Southeast Inc. | 12/20/2024 | $125,000.00 | Suppliers or Vendors |
| Wilmington Savings Fund Society, FSB | 10/10/2024 | $240.00 | Suppliers or Vendors |
| Wilmington Savings Fund Society, FSB | 10/30/2024 | $6,750.00 | Suppliers or Vendors |
| Wilmington Savings Fund Society, FSB | 10/31/2024 | $240.00 | Suppliers or Vendors |
| Wilmington Savings Fund Society, FSB | 11/22/2024 | $240.00 | Suppliers or Vendors |
| Wilmington Savings Fund Society, FSB | 12/17/2024 | $240.00 | Suppliers or Vendors |
| Zayo Group, LLC | 10/16/2024 | $5,888.60 | Suppliers or Vendors |
| Zayo Group, LLC | 11/13/2024 | $6,205.79 | Suppliers or Vendors |
| Zayo Group, LLC | 11/27/2024 | $5,888.60 | Suppliers or Vendors |
| **Grand Total** | | **$23,952,012.41** | |

# STATEMENT OF FINANCIAL AFFAIRS

### EXHIBIT
### PART 2, QUESTION 4

### PAYMENTS OR OTHER TRANSFERS OF PROPERTY MADE
### WITHIN 1 YEAR BEFORE FILING THIS CASE THAT
### BENEFITTED ANY INSIDER

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Insider Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer | Relationship to Debtor |
|---|---|---|---|---|
| Alfred Hurley | 3/26/2024 | $50,000.00 | Board Fees | Manager |
| Alfred Hurley | 6/25/2024 | $50,000.00 | Board Fees | Manager |
| Alfred Hurley | 9/12/2024 | $50,000.00 | Board Fees | Manager |
| Alfred Hurley | 12/11/2024 | $50,000.00 | Board Fees | Manager |
| Brendan Boughton | 1/12/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 1/19/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 2/9/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 2/21/2024 | $182,640.39 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 3/8/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 3/22/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 4/5/2024 | $34,343.49 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 4/19/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 5/3/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 5/17/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 5/31/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 6/14/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 6/28/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 7/12/2024 | $34,343.49 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 7/26/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 8/9/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 8/23/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 9/6/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 9/20/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 10/4/2024 | $34,343.49 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 10/18/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 11/1/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 11/15/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 11/22/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 12/13/2024 | $13,158.22 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 12/19/2024 | $34,343.49 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 1/3/2025 | $108,068.17 | Wages (Incl. bonuses) | SVP Finance, Treasurer |
| Brendan Boughton | 1/11/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 1/18/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 2/9/2024 | $521.47 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 2/20/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 3/7/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 3/22/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 4/4/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 4/18/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 5/6/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 5/16/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 5/31/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 6/13/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 6/27/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 7/11/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 7/25/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 8/8/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 8/22/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 9/5/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 9/19/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 10/4/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 10/17/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 10/31/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 11/13/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 11/20/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 12/12/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 12/18/2024 | $521.48 | 401K Match | SVP Finance, Treasurer |
| Brendan Boughton | 1/2/2025 | $521.48 | 401K Match | SVP Finance, Treasurer |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Insider Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer | Relationship to Debtor |
|---|---|---|---|---|
| Brendan Boughton | 1/8/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 2/7/2024 | $4,527.95 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 3/5/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 4/4/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 5/7/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 6/6/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 7/10/2024 | $4,668.87 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 8/6/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 9/5/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 10/4/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 11/6/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 12/5/2024 | $4,457.49 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 1/2/2025 | $4,527.95 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 2/22/2024 | $70.46 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 3/20/2024 | $70.46 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 4/24/2024 | $70.46 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 8/21/2024 | $70.46 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 9/12/2024 | $70.46 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 10/16/2024 | $70.46 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 11/13/2024 | $70.46 | Benefits | SVP Finance, Treasurer |
| Brendan Boughton | 12/12/2024 | $364.48 | Expense Reimbursements | SVP Finance, Treasurer |
| Brendan Boughton | Multiple Dates | $513.39 | Cell Phone Expenses | SVP Finance, Treasurer |
| Charles Bolden | 3/26/2024 | $50,000.00 | Board Fees | Manager |
| Charles Bolden | 7/2/2024 | $50,000.00 | Board Fees | Manager |
| Charles Bolden | 9/12/2024 | $50,000.00 | Board Fees | Manager |
| Charles Bolden | 12/11/2024 | $50,000.00 | Board Fees | Manager |
| Douglas Smith | 1/12/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 1/19/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 2/9/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 2/21/2024 | $927,898.09 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 3/8/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 3/22/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 4/5/2024 | $122,579.78 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 4/19/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 5/3/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 5/17/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 5/31/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 6/14/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 6/28/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 7/12/2024 | $122,579.78 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 7/26/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 8/9/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 8/23/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 9/6/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 9/20/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 10/4/2024 | $122,579.78 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 10/18/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 11/1/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 11/15/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 11/22/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 12/13/2024 | $28,938.11 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 12/19/2024 | $122,579.78 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 1/3/2025 | $425,979.53 | Wages (Incl. bonuses) | President and CEO |
| Douglas Smith | 1/11/2024 | $1,152.51 | 401K Match | President and CEO |
| Douglas Smith | 1/18/2024 | $1,152.52 | 401K Match | President and CEO |
| Douglas Smith | 2/9/2024 | $1,152.51 | 401K Match | President and CEO |
| Douglas Smith | 2/20/2024 | $10,342.46 | 401K Match | President and CEO |
| Douglas Smith | 1/2/2025 | $1,152.51 | 401K Match | President and CEO |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Insider Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer | Relationship to Debtor |
|---|---|---|---|---|
| Douglas Smith | 1/8/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 2/7/2024 | $4,530.79 | Benefits | President and CEO |
| Douglas Smith | 3/5/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 4/4/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 5/7/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 6/6/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 7/10/2024 | $4,671.71 | Benefits | President and CEO |
| Douglas Smith | 8/6/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 9/5/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 10/4/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 11/6/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 12/5/2024 | $4,460.33 | Benefits | President and CEO |
| Douglas Smith | 1/2/2025 | $4,530.79 | Benefits | President and CEO |
| Douglas Smith | 2/22/2024 | $70.46 | Benefits | President and CEO |
| Douglas Smith | 3/20/2024 | $70.46 | Benefits | President and CEO |
| Douglas Smith | 4/24/2024 | $70.46 | Benefits | President and CEO |
| Douglas Smith | 8/21/2024 | $70.46 | Benefits | President and CEO |
| Douglas Smith | 9/12/2024 | $70.46 | Benefits | President and CEO |
| Douglas Smith | 10/16/2024 | $70.46 | Benefits | President and CEO |
| Douglas Smith | 11/13/2024 | $70.46 | Benefits | President and CEO |
| Douglas Smith | 3/1/2024 | $311.80 | Expense Reimbursements | President and CEO |
| Douglas Smith | 4/8/2024 | $828.75 | Expense Reimbursements | President and CEO |
| Douglas Smith | 10/1/2024 | $349.60 | Expense Reimbursements | President and CEO |
| Douglas Smith | Multiple Dates | $596.03 | Cell Phone Expenses | President and CEO |
| Eric Harrington | 1/12/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 1/19/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 2/9/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 2/21/2024 | $409,882.24 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 3/8/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 3/22/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 4/5/2024 | $57,843.05 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 4/19/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 5/3/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 5/17/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 5/31/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 6/14/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 6/28/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 7/12/2024 | $57,843.05 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 7/26/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 8/9/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 8/23/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 9/6/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 9/20/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 10/4/2024 | $57,843.05 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 10/18/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 11/1/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 11/15/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 11/22/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 12/13/2024 | $16,908.26 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 12/19/2024 | $57,843.05 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 1/3/2025 | $193,747.40 | Wages (Incl. bonuses) | CFO |
| Eric Harrington | 1/11/2024 | $671.75 | 401K Match | CFO |
| Eric Harrington | 1/18/2024 | $671.75 | 401K Match | CFO |
| Eric Harrington | 2/9/2024 | $671.75 | 401K Match | CFO |
| Eric Harrington | 2/20/2024 | $11,784.75 | 401K Match | CFO |
| Eric Harrington | 1/2/2025 | $671.75 | 401K Match | CFO |
| Eric Harrington | 1/8/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 2/7/2024 | $4,507.41 | Benefits | CFO |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Insider Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer | Relationship to Debtor |
|---|---|---|---|---|
| Eric Harrington | 3/5/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 4/4/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 5/7/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 6/6/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 7/10/2024 | $4,648.33 | Benefits | CFO |
| Eric Harrington | 8/6/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 9/5/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 10/4/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 11/6/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 12/5/2024 | $4,436.95 | Benefits | CFO |
| Eric Harrington | 1/2/2025 | $4,507.41 | Benefits | CFO |
| Eric Harrington | 2/22/2024 | $70.46 | Benefits | CFO |
| Eric Harrington | 3/20/2024 | $70.46 | Benefits | CFO |
| Eric Harrington | 4/24/2024 | $70.46 | Benefits | CFO |
| Eric Harrington | 8/21/2024 | $70.46 | Benefits | CFO |
| Eric Harrington | 9/12/2024 | $70.46 | Benefits | CFO |
| Eric Harrington | 10/16/2024 | $70.46 | Benefits | CFO |
| Eric Harrington | 11/13/2024 | $70.46 | Benefits | CFO |
| Eric Harrington | Multiple Dates | $615.47 | Cell Phone Expenses | CFO |
| Janice Hamby | 3/26/2024 | $50,000.00 | Board Fees | Manager |
| Janice Hamby | 6/25/2024 | $50,000.00 | Board Fees | Manager |
| Janice Hamby | 9/12/2024 | $50,000.00 | Board Fees | Manager |
| Janice Hamby | 12/11/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 2/7/2024 | $50,000.00 | Consulting Fees | Consultant |
| PSA Consulting, LLC (Paul Aronzon) | 3/8/2024 | $50,000.00 | Consulting Fees | Consultant |
| PSA Consulting, LLC (Paul Aronzon) | 3/26/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 4/24/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 5/29/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 6/25/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 7/24/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 8/28/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 9/25/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 10/30/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 11/27/2024 | $50,000.00 | Board Fees | Manager |
| PSA Consulting, LLC (Paul Aronzon) | 12/11/2024 | $50,000.00 | Board Fees | Manager |
| REH Advisors LLC (Reed Hundt) | 1/18/2024 | $50,000.00 | Consulting Fees | Consultant |
| REH Advisors LLC (Reed Hundt) | 2/6/2024 | $50,000.00 | Consulting Fees | Consultant |
| REH Advisors LLC (Reed Hundt) | 3/6/2024 | $50,000.00 | Consulting Fees | Consultant |
| REH Advisors LLC (Reed Hundt) | 4/4/2024 | $50,000.00 | Consulting Fees | Consultant |
| REH Advisors LLC (Reed Hundt) | 5/7/2024 | $50,000.00 | Consulting Fees | Consultant |
| REH Advisors LLC (Reed Hundt) | 6/6/2024 | $50,000.00 | Consulting Fees | Consultant |
| REH Advisors LLC (Reed Hundt) | 7/10/2024 | $50,000.00 | Consulting Fees | Consultant |
| REH Advisors LLC (Reed Hundt) | 9/12/2024 | $33,152.17 | Consulting Fees | Consultant |
| REH Advisors LLC (Reed Hundt) | 12/11/2024 | $50,000.00 | Consulting Fees | Consultant |
| Sachin Chhibber | 1/12/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 1/19/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 2/9/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 2/21/2024 | $199,294.47 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 3/8/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 3/22/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 4/5/2024 | $37,419.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 4/19/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 5/3/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 5/17/2024 | $24,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 5/31/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 6/14/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 6/28/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 7/12/2024 | $37,419.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Insider Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer | Relationship to Debtor |
|---|---|---|---|---|
| Sachin Chhibber | 7/26/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 8/9/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 8/23/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 9/6/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 9/20/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 10/4/2024 | $37,419.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 10/18/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 11/1/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 11/15/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 11/22/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 12/13/2024 | $14,294.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 12/19/2024 | $37,419.46 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 1/3/2025 | $117,895.39 | Wages (Incl. bonuses) | Chief Network and Technology Officer |
| Sachin Chhibber | 1/11/2024 | $569.23 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 1/18/2024 | $569.23 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 2/9/2024 | $569.23 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 2/20/2024 | $7,969.23 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 3/7/2024 | $569.23 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 3/22/2024 | $569.24 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 4/4/2024 | $1,494.23 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 4/18/2024 | $569.23 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 5/6/2024 | $569.23 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 5/16/2024 | $351.92 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 1/2/2025 | $569.23 | 401K Match | Chief Network and Technology Officer |
| Sachin Chhibber | 1/8/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 2/7/2024 | $4,529.10 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 3/5/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 4/4/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 5/7/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 6/6/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 7/10/2024 | $4,670.02 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 8/6/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 9/5/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 10/4/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 11/6/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 12/5/2024 | $4,458.64 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 1/2/2025 | $4,529.10 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 2/22/2024 | $70.46 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 3/20/2024 | $70.46 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 4/24/2024 | $70.46 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 8/21/2024 | $70.46 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 9/12/2024 | $70.46 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 10/16/2024 | $70.46 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 11/13/2024 | $70.46 | Benefits | Chief Network and Technology Officer |
| Sachin Chhibber | 1/19/2024 | $1,028.22 | Expense Reimbursements | Chief Network and Technology Officer |
| Sachin Chhibber | 2/8/2024 | $1,216.67 | Expense Reimbursements | Chief Network and Technology Officer |
| Sachin Chhibber | 3/18/2024 | $1,577.04 | Expense Reimbursements | Chief Network and Technology Officer |
| Sachin Chhibber | 3/28/2024 | $3,875.91 | Expense Reimbursements | Chief Network and Technology Officer |
| Sachin Chhibber | 9/19/2024 | $3,372.78 | Expense Reimbursements | Chief Network and Technology Officer |
| Sachin Chhibber | Multiple Dates | $1,066.07 | Cell Phone Expenses | Chief Network and Technology Officer |
| Scott Wiener | 1/12/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 1/19/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 2/9/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 2/21/2024 | $357,303.70 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 3/8/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 3/22/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 4/5/2024 | $59,993.22 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 4/19/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Insider Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer | Relationship to Debtor |
|---|---|---|---|---|
| Scott Wiener | 5/3/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 5/17/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 5/31/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 6/14/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 6/28/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 7/12/2024 | $59,993.22 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 7/26/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 8/9/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 8/23/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 9/6/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 9/20/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 10/4/2024 | $59,993.22 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 10/18/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 11/1/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 11/15/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 11/22/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 12/13/2024 | $17,520.29 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 12/19/2024 | $59,993.22 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 1/3/2025 | $201,004.17 | Wages (Incl. bonuses) | Chief Strategy and Marketing Officer |
| Scott Wiener | 2/7/2024 | $368.42 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 2/22/2024 | $70.46 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 3/20/2024 | $70.46 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 4/24/2024 | $70.46 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 7/10/2024 | $509.34 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 8/21/2024 | $70.46 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 9/12/2024 | $70.46 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 10/16/2024 | $70.46 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 11/13/2024 | $70.46 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 1/2/2025 | $368.42 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 1/8/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 3/5/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 4/4/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 5/7/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 6/6/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 8/6/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 9/5/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 10/4/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 11/6/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 12/5/2024 | $297.96 | Benefits | Chief Strategy and Marketing Officer |
| Scott Wiener | 4/4/2024 | $447.65 | Expense Reimbursements | Chief Strategy and Marketing Officer |
| Scott Wiener | Multiple Dates | $211.09 | Cell Phone Expenses | Chief Strategy and Marketing Officer |
| Vicky McPherson | 1/12/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 1/19/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 2/9/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 2/21/2024 | $199,294.47 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 3/8/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 3/22/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 4/5/2024 | $37,419.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 4/19/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 5/3/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 5/17/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 5/31/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 6/14/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 6/28/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 7/12/2024 | $37,419.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 7/26/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 8/9/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 8/23/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Insider Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer | Relationship to Debtor |
|---|---|---|---|---|
| Vicky McPherson | 9/6/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 9/20/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 10/4/2024 | $37,419.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 10/18/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 11/1/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 11/15/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 11/22/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 12/13/2024 | $14,294.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 12/19/2024 | $37,419.46 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 1/3/2025 | $117,895.39 | Wages (Incl. bonuses) | General Counsel |
| Vicky McPherson | 1/11/2024 | $569.23 | 401K Match | General Counsel |
| Vicky McPherson | 1/18/2024 | $569.23 | 401K Match | General Counsel |
| Vicky McPherson | 2/9/2024 | $569.23 | 401K Match | General Counsel |
| Vicky McPherson | 2/20/2024 | $1,292.31 | 401K Match | General Counsel |
| Vicky McPherson | 3/7/2024 | $750.00 | 401K Match | General Counsel |
| Vicky McPherson | 3/22/2024 | $750.00 | 401K Match | General Counsel |
| Vicky McPherson | 4/4/2024 | $750.00 | 401K Match | General Counsel |
| Vicky McPherson | 4/18/2024 | $750.00 | 401K Match | General Counsel |
| Vicky McPherson | 5/6/2024 | $750.00 | 401K Match | General Counsel |
| Vicky McPherson | 5/16/2024 | $750.00 | 401K Match | General Counsel |
| Vicky McPherson | 5/31/2024 | $750.00 | 401K Match | General Counsel |
| Vicky McPherson | 6/13/2024 | $983.00 | 401K Match | General Counsel |
| Vicky McPherson | 6/27/2024 | $983.00 | 401K Match | General Counsel |
| Vicky McPherson | 7/11/2024 | $983.00 | 401K Match | General Counsel |
| Vicky McPherson | 7/25/2024 | $983.00 | 401K Match | General Counsel |
| Vicky McPherson | 8/8/2024 | $1,283.00 | 401K Match | General Counsel |
| Vicky McPherson | 8/22/2024 | $335.00 | 401K Match | General Counsel |
| Vicky McPherson | 1/2/2025 | $569.23 | 401K Match | General Counsel |
| Vicky McPherson | 1/8/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 2/7/2024 | $2,311.16 | Benefits | General Counsel |
| Vicky McPherson | 3/5/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 4/4/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 5/7/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 6/6/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 7/10/2024 | $2,452.08 | Benefits | General Counsel |
| Vicky McPherson | 8/6/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 9/5/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 10/4/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 11/6/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 12/5/2024 | $2,240.70 | Benefits | General Counsel |
| Vicky McPherson | 1/2/2025 | $2,311.16 | Benefits | General Counsel |
| Vicky McPherson | 2/22/2024 | $70.46 | Benefits | General Counsel |
| Vicky McPherson | 3/20/2024 | $70.46 | Benefits | General Counsel |
| Vicky McPherson | 4/24/2024 | $70.46 | Benefits | General Counsel |
| Vicky McPherson | 8/21/2024 | $70.46 | Benefits | General Counsel |
| Vicky McPherson | 9/12/2024 | $70.46 | Benefits | General Counsel |
| Vicky McPherson | 10/16/2024 | $70.46 | Benefits | General Counsel |
| Vicky McPherson | 11/13/2024 | $70.46 | Benefits | General Counsel |
| Vicky McPherson | 3/1/2024 | $7,900.00 | Expense Reimbursements | General Counsel |
| Vicky McPherson | 3/28/2024 | $99.44 | Expense Reimbursements | General Counsel |
| Vicky McPherson | 7/18/2024 | $341.00 | Expense Reimbursements | General Counsel |
| Vicky McPherson | 7/23/2024 | $150.00 | Expense Reimbursements | General Counsel |
| Vicky McPherson | 9/12/2024 | $466.40 | Expense Reimbursements | General Counsel |
| Vicky McPherson | 10/11/2024 | $29.00 | Expense Reimbursements | General Counsel |
| Vicky McPherson | 10/24/2024 | $153.19 | Expense Reimbursements | General Counsel |
| Vicky McPherson | Multiple Dates | $430.47 | Cell Phone Expenses | General Counsel |
| **Grand Total** | | **$9,057,676.37** | | |

# STATEMENT OF FINANCIAL AFFAIRS

## EXHIBIT
## PART 6, QUESTION 11

## PAYMENTS RELATED TO BANKRUPTCY

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 11. Payments related to bankruptcy**

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total Amount or Value | Email or Website Address | Who made the payment, if not debtor? |
|---|---|---|---|---|---|
| FTI Consulting, Inc. | | 8/28/2024 | $ 114,890.22 | | Ligado Networks LLC |
| FTI Consulting, Inc. | | 11/13/2024 | $ 64,282.64 | | Ligado Networks LLC |
| FTI Consulting, Inc. | | 11/21/2024 | $ 22,355.93 | | Ligado Networks LLC |
| FTI Consulting, Inc. | | 12/18/2024 | $ 100,906.70 | | Ligado Networks LLC |
| FTI Consulting, Inc. | | 12/20/2024 | $ 120,000.00 | | Ligado Networks LLC |
| Milbank LLP | | 1/11/2024 | $ 614,519.04 | | Ligado Networks LLC |
| Milbank LLP | | 3/20/2024 | $ 628,894.86 | | Ligado Networks LLC |
| Milbank LLP | | 4/24/2024 | $ 613,349.45 | | Ligado Networks LLC |
| Milbank LLP | | 7/18/2024 | $ 750,000.00 | | Ligado Networks LLC |
| Milbank LLP | | 8/14/2024 | $ 1,500,000.00 | | Ligado Networks LLC |
| Milbank LLP | | 10/24/2024 | $ 1,325,000.00 | | Ligado Networks LLC |
| Milbank LLP | | 12/6/2024 | $ 2,000,000.00 | | Ligado Networks LLC |
| Milbank LLP | | 1/2/2025 | $ 600,000.00 | | Ligado Networks LLC |
| Milbank LLP | | 1/3/2025 | $ 300,000.00 | | Ligado Networks LLC |
| Omni Agent Solutions, Inc. | | 12/20/2024 | $ 7,948.00 | | Ligado Networks LLC |
| Omni Agent Solutions, Inc. | | 1/2/2025 | $ 25,000.00 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 1/30/2024 | $ 101,335.41 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 2/6/2024 | $ 100,303.91 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 3/14/2024 | $ 102,398.94 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 4/17/2024 | $ 101,832.74 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 5/15/2024 | $ 105,400.11 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 6/6/2024 | $ 1,000,000.00 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 6/25/2024 | $ 102,050.21 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 7/18/2024 | $ 100,488.24 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 8/14/2024 | $ 101,361.70 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 9/12/2024 | $ 100,470.05 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 10/4/2024 | $ 100,528.67 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 11/13/2024 | $ 101,395.43 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 12/18/2024 | $ 101,829.30 | | Ligado Networks LLC |
| Perella Weinberg Partners LP | | 1/3/2025 | $ 3,314,999.18 | | Ligado Networks LLC |
| Richards, Layton & Finger, PA | | 12/20/2024 | $ 20,000.00 | | Ligado Networks LLC |
| Richards, Layton & Finger, PA | | 1/2/2025 | $ 75,000.00 | | Ligado Networks LLC |
| **Grand Total** | | | **$ 14,416,540.73** | | |

# STATEMENT OF FINANCIAL AFFAIRS

### EXHIBIT
### PART 13, QUESTION 25

### OTHER BUSINESSES IN WHICH THE DEBTOR HAS
### OR HAS HAD AN INTEREST

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 25. Other businesses in which the debtor has or has had an interest**

| Name of Entity | Address | Percentage of Ownership | Current Value of Debtor's Interest |
|---|---|---|---|
| Ligado Networks Corp. | 1601 Telesat Court, Ottawa, ON K18 1B9, Canada | 100% | Undetermined |
| Ligado Networks Holdings (Canada) Inc. | 1601 Telesat Court, Ottawa, ON K18 1B9, Canada | 100% | Undetermined |
| Ligado Networks Subsidiary LLC | 10802 Parkridge Boulevard, Reston, VA 20191 | 100% | Undetermined |
| ATC Technologies, LLC | 10802 Parkridge Boulevard, Reston, VA 20191 | 100% | Undetermined |
| Ligado Networks Inc. of Virginia | 10802 Parkridge Boulevard, Reston, VA 20191 | 100% | Undetermined |
| Ligado Networks Finance LLC | 10802 Parkridge Boulevard, Reston, VA 20191 | 100% | Undetermined |
| Ligado Networks Build LLC | 10802 Parkridge Boulevard, Reston, VA 20191 | 100% | Undetermined |
| One Dot Six LLC | 10802 Parkridge Boulevard, Reston, VA 20191 | 100% | Undetermined |
| Ligado Networks (Canada) Inc. | 1601 Telesat Court, Ottawa, ON K18 1B9, Canada | 20% | Undetermined |
| **Total** | | | **Undetermined** |

# STATEMENT OF FINANCIAL AFFAIRS

## EXHIBIT
## PART 13, QUESTION 28

LIST THE DEBTOR'S OFFICERS, DIRECTORS, MANAGING MEMBERS, GENERAL PARTNERS, MEMBERS IN CONTROL, CONTROLLING SHAREHOLDERS, OR OTHER PEOPLE IN CONTROL OF THE DEBTOR AT THE TIME OF FILING OF THIS CASE

**Ligado Networks LLC**
**Case No. 25-10006**
**SOFA 28. Current Officers, Directors, Managing Members.**

| Name | Address | Position and Nature of Interest | % of Interest, if any |
|---|---|---|---|
| Alfred Hurley | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| Brendan Boughton | 10802 Parkridge Blvd, Reston, VA 20191 | Senior Vice President, Finance & Treasurer | |
| Charles Bolden | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| Douglas Smith | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| Eric Harrington | 10802 Parkridge Blvd, Reston, VA 20191 | Chief Financial Officer | |
| Ivan Seidenberg | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| Janice Hamby | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| John Fischer* | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| Larry Babbio | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| Paul Aronzon | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| Reed Hundt | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| Sachin Chhibber | 10802 Parkridge Blvd, Reston, VA 20191 | Chief Network and Technology Officer | |
| Scott Wiener | 10802 Parkridge Blvd, Reston, VA 20191 | Chief Strategy and Marketing Officer | |
| Tim Donahue | 10802 Parkridge Blvd, Reston, VA 20191 | Board Manager | |
| Vicky McPherson | 10803 Parkridge Blvd, Reston, VA 20191 | General Counsel & Secretary | |
| HGW US Holding Company, L.P. C/O Harbinger Capital Partners LLC | 10803 Parkridge Blvd, Reston, VA 20191 | Member | 42.51% |
| LSQ Acquisition Co LLC (Series I) C/O Fortress Credit Advisors LLC | 10803 Parkridge Blvd, Reston, VA 20191 | Member | 26.20% |
| Great Elm Group, Inc. | 10803 Parkridge Blvd, Reston, VA 20191 | Member | 21.25% |

*\* Board Manager as of Petition Date, resigned thereafter.*