## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WHEEL PROS, LLC, et al.,[1] | ) | Case No. 24-11939 (JTD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Pauline Aragon, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On November 20, 2024, Stretto in accordance with USPS forwarding instructions served the following document via first-class mail on Johanna S Delgado at a redacted address:

- **Notice of (I) Entry of an Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Amended Joint Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date** (attached hereto as **Exhibit A**)

[SPACE LEFT INTENTIONALLY BLANK]

---

[1] The last four digits of Debtor Wheel Pros, LLC's federal tax identification number are 5738. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/WheelPros. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 5347 S Valentia Way, Suite 200, Greenwood Village, Colorado 80111.

Furthermore, on December 3, 2024, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Brendan Dowhaniuk at a redacted address, pursuant to USPS forwarding instructions:

- **Notice of (I) Commencement of Prepackaged Chapter 11 Bankruptcy Cases, (II) Combined Hearing on the Disclosure Statement, Confirmation of the Joint Prepackaged Chapter 11 Plan, and Related Matters, and (III) Related Objection and Briefing Deadlines** (attached hereto as **Exhibit B**)

- **Notice of Non-Voting Status to Holders or Potential Holders of Impaired Claims and/or Existing Equity Interests Conclusively Deemed to Reject the Plan** (attached hereto as **Exhibit C**)

- **Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock or Preferred Stock** (Docket No. 90)

Dated: December 10, 2024

Pauline Aragon

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 10th day of December, 2024 by Pauline Aragon, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

NAOMI RODRIGUEZ
Notary Public - California
Orange County
Commission # 2401472
My Comm. Expires Apr 20, 2026

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHEEL PROS, LLC, *et al.*,[1] | ) | Case No. 24-11939 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket Nos. 8, 214, & 255** |

### NOTICE OF (I) ENTRY OF AN ORDER APPROVING THE DEBTORS' DISCLOSURE STATEMENT FOR, AND CONFIRMING, THE DEBTORS' AMENDED JOINT PREPACKAGED PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AND (II) OCCURRENCE OF EFFECTIVE DATE

**PLEASE TAKE NOTICE** that on October 15, 2024, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. 255] (the "Confirmation Order") confirming the *Amended Joint Prepackaged Plan of Reorganization of Wheel Pros, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 214] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"), and approving the *Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of Wheel Pros, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 8] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") of the above-captioned debtors and debtors in possession (the "Debtors").[2]

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order, the Plan, and copies of all documents filed in these chapter 11 cases are available free of charge by visiting https://cases.stretto.com/WheelPros or by calling the Debtors' restructuring information line at (855) 371-7511 (Toll-free from US / Canada) or +1 (714) 716-1978 (International).  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the terms of the Confirmation Order and the Plan (which, for the avoidance of doubt, includes the Plan Supplement and all exhibits and documents related thereto) are binding upon the Debtors, the Reorganized Debtors, any and all

---

[1]   The last four digits of Debtor Wheel Pros, LLC's federal tax identification number are 5738.  A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/WheelPros.  The location of Debtor Wheel Pros, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 5347 S Valentia Way, Suite 200, Greenwood Village, Colorado 80111.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Confirmation Order.

Holders of Claims or Interests (irrespective of whether Holders of such Claims or Interests are deemed to have accepted the Plan); all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan; each Entity acquiring property under the Plan; and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with <u>Article IV.B</u> of the Plan, on the Effective Date, certain of the Debtors and other applicable parties engaged in a series of Restructuring Transactions as set forth in the Restructuring Transactions Memorandum.

**PLEASE TAKE FURTHER NOTICE THAT** all requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Confirmation Date must be filed no later than forty-five (45) days after the Effective Date. The Bankruptcy Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with the procedures established by the Bankruptcy Court.

*[Remainder of page intentionally left blank]*

Dated:  October 16, 2024
Wilmington, Delaware

/s/  Laura Davis Jones

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Edward Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone:     (302) 652-4100
Facsimile:      (302) 652-4400
Email:           ljones@pszjlaw.com
                    tcairns@pszjlaw.com
                    ecorma@pszjlaw.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Erica Clark (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           steven.serajeddini@kirkland.com
                    erica.clark@kirkland.com

-and-

Anup Sathy, P.C. (admitted *pro hac vice*)
Yusuf Salloum (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           anup.sathy@kirkland.com
                    yusuf.salloum@kirkland.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WHEEL PROS, LLC, *et al.*,[1] | ) | Case No. 24-11939 (JTD) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11
BANKRUPTCY CASES, (II) COMBINED HEARING ON THE DISCLOSURE
STATEMENT, CONFIRMATION OF THE JOINT PREPACKAGED CHAPTER 11 PLAN,
AND RELATED MATTERS, AND (III) RELATED OBJECTION AND BRIEFING DEADLINES**

**NOTICE IS HEREBY GIVEN** as follows:

On September 8, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). Contemporaneously therewith, the Debtors filed the *Joint Prepackaged Plan of Reorganization of Wheel Pros, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5] (as may be altered, amended, supplemented, or modified from time to time in accordance with its terms, and including all exhibits and supplements thereto, the "Plan") and the *Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of Wheel Pros, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 8] (as may be altered, amended, supplemented, or modified from time to time in accordance with its terms, and including all exhibits and supplements thereto, the "Disclosure Statement").[2]

---

[1] The last four digits of Debtor Wheel Pros, LLC's federal tax identification number are 5738. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/WheelPros. The location of Debtor Wheel Pros, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 5347 S Valentia Way, Suite 200, Greenwood Village, Colorado 80111.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Vance Johnston, Chief Executive Officer of Wheel Pros, LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 6] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration, the Plan, or the Disclosure Statement, as applicable. The statements contained herein are summaries of certain provisions contained in the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

**Copies of the Plan, the Disclosure Statement, and the other documents filed in these chapter 11 cases are accessible, free of charge, on the Debtors' restructuring website maintained by Stretto, Inc. (the "Solicitation Agent") at https://cases.stretto.com/WheelPros. Printed copies of the Plan, the Disclosure Statement, and the other documents filed in these chapter 11 cases may be obtained free of charge by calling the Solicitation Agent at 855-371-7511 (Toll-free US / Canada) or +1-714-716-1978 (International).** In addition, such documents are available for inspection for a fee on the Court's website at www.deb.uscourts.gov and are on file with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Eastern Time.

The Plan is a "prepackaged" plan of reorganization. The Plan provides for, among other things, a significant reduction of the Debtors' funded debt obligations, $570 million in new financing, continued access to the Debtors' ABL Facility through the $175 million DIP ABL Facility, and $110 million in new money from the DIP Term Loan Facility. The new financing is offered to all Holders of First Lien Claims and is backstopped by the Ad Hoc Group and SVP. Crucially, the Plan provides for all Allowed trade, customer, employee, and other non-funded debt claims to be Unimpaired and Reinstated or otherwise paid in full.

### Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing to consider the adequacy of the Disclosure Statement, any objections thereto, confirmation of the Plan, any objections thereto, any objections to the proposed assumption of Executory Contracts and Unexpired Leases, and any other matter that may properly come before the Court related to approval of the Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Chief Judge John T. Dorsey, United States Bankruptcy Judge, in Courtroom 5 of the United States Bankruptcy Court, 824 North Market Street, 5th Floor, Wilmington, Delaware, 19801, on **October 15, 2024, at 10:00 a.m., prevailing Eastern Time**. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on other parties entitled to notice.

### Information Regarding the Plan and Disclosure Statement

**Voting Record Date**. The voting record date was **September 4, 2024**, which was the date for determining which Holders of Claims in **Class 5** and **Class 6** of the Plan are entitled to vote.

**Objections to the Plan and Disclosure Statement**. The deadline for filing objections (each, an "Objection") to confirmation of the Plan or the adequacy of the Disclosure Statement, or the proposed assumption of Executory Contracts and Unexpired Leases, is **October 10, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline"). Any such Objections must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the

2

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity; (d) state with particularity the legal and factual basis for such objection and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon the Notice Parties (as defined herein) so as to be actually received by the Objection Deadline.

Objections must be filed with the Court and served so as to be **actually received** no later than **October 10, 2024, at 4:00 p.m., prevailing Eastern Time**, by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases and the following parties (the "Notice Parties"): (a) **the Debtors**, Wheel Pros, LLC, 5347 S Valentia Way, Suite 200, Greenwood Village, Colorado 80111, Attn.: Vance Johnston (vance.johnston@hoonigan.com) and Kyle Pederson (kyle.pederson@hoonigan.com); (b) **Proposed Co-Counsel to the Debtors**, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven S. Serajeddini, P.C. (steven.serajeddini@kirkland.com) and Erica Clark (erica.clark@kirkland.com), and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Anup Sathy, P.C. (anup.sathy@kirkland.com), Yusuf Salloum (yusuf.salloum@kirkland.com), and Ashley Surinak (ashley.surinak@kirkland.com), and (ii) **Proposed Co-Counsel to the Debtors**, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware, Attn.: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (c) **Co-Counsel to the DIP ABL Agent and the Prepetition ABL Agent**, (i) Morgan, Lewis & Bockius LLP, 1000 Louisiana St., Suite 4000, Houston, Texas 77002-5006, Attn.: Stephan E. Hornung (stephan.hornung@morganlewis.com) and David K. Shim (david.shim@morganlewis.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19899-1347, Attn: Derek C. Abbott (dabbott@morrisnichols.com) and Matthew B. Harvey (mharvey@morrisnichols.com); (d) **Counsel to Certain of the DIP Term Loan Lenders and Ad Hoc Group**, Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, 1 Bryant Pk, New York, New York 10036, Attn.: Philip C. Dublin (pdublin@akingump.com), Zachary D. Lanier (zlanier@akingump.com), and Omid Rahnama (orahnama@akingump.com); (e) **Local Counsel to the DIP Term Loan Lenders, Ad Hoc Group, and SVP**, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801, Attn: M. Blake Cleary (bcleary@potteranderson.com) and Gregory J. Flasser (gflasser@potteranderson); (f) **Counsel to Certain of the DIP Lenders and SVP**, Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, New York 10017, Attn: Damian S. Schaible (damian.schaible@davispolk.com), Adam L. Shpeen (adam.shpeen@davispolk.com), and David Kratzer (david.kratzer@davispolk.com); (g) **Counsel to the Sponsor**, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, New York 10020, Attn: Steven J. Reisman (sreisman@katten.com) and Cindi M. Giglio (cgiglio@katten.com); (h) **the Office of the United States Trustee for the District of Delaware**, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane M. Leamy (jane.m.leamy@usdoj.gov); and (i) any statutory committee appointed in these chapter 11 cases.

Any brief in support of confirmation of the Plan and reply to any objections shall be filed by **October 14, 2024, at 10:00 a.m., prevailing Eastern Time**, or such other date as the Court may direct.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

### Summary of Plan Treatment

The following chart summarizes the treatment provided by the Plan to each Class of Claims against and Interests in the Debtors and indicates the voting status of each Class.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3 | ABL Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 4 | FILO Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 5 | First Lien Claims | Impaired | Entitled to Vote |
| Class 6 | Junior Funded Debt Claims | Impaired | Entitled to Vote |
| Class 7 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 8 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) / Not Entitled to Vote (Deemed to Reject) |
| Class 9 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) / Not Entitled to Vote (Deemed to Reject) |
| Class 10 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 11 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

### Discharge, Injunctions, Exculpation, and Releases

Please be advised that the Plan contains certain release, exculpation, discharge, and injunction provisions as follows:

4

**Relevant Definitions:**

Under the Plan, "**Releasing Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) each Consenting Stakeholder; (d) each member of the Ad Hoc Group; (e) each ABL Lender and Holder of an ABL Claim; (f) each DIP Lender and Holder of a DIP Claim; (g) each Exit Term Loan Facility Backstop Party; (h) each of the Exit Facility Lenders; (i) each of the Agents/Trustees; (j) all Holders of Claims or Interests that vote to accept the Plan; (k) all Holders of Claims or Interests who are deemed to accept the Plan and do not affirmatively opt out of the releases provided for in the Plan; (l) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided for in the Plan; (m) all Holders of Claims or Interests who are deemed to reject the Plan and who do not affirmatively opt out of the releases provided for in the Plan; (n) all Holders of Claims or Interests who vote to reject the Plan and who do not affirmatively opt out of the releases provided for in the Plan; (o) current and former Affiliates of each Entity in clause (a) through the following clause (p); or (p) each Related Party in clause (a) through this clause (p); *provided* that each Holder of Claims or Interests that is party to or has otherwise signed the RSA shall not opt out of the releases; *provided*, *further*, that, in each case, an Entity shall not be a Releasing Party if it:  (x) elects to opt out of the releases contained in <u>Article VIII.D</u> of the Plan; (y) timely objects to the releases contained in <u>Article VIII.D</u> of the Plan and such objection is not resolved before Confirmation; or (z) is a Non-Released Party (solely in respect of the Non-Released Claims).

Under the Plan, "**Released Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) each Consenting Stakeholder; (d) each member of the Ad Hoc Group; (e) each ABL Lender and Holder of an ABL Claim; (f) each DIP Lender and Holder of a DIP Claim; (g) each Exit Term Loan Facility Backstop Party; (h) each of the Exit Facility Lenders; (i) each of the Agents/Trustees; (j) current and former Affiliates of each Entity in clause (a) through the following clause (k); and (k) each Related Party of each Entity in clause (a) through this clause (k); *provided* that in each case, an Entity shall not be a Released Party if it:  (x) elects to opt out of the releases described in <u>Article VIII.D</u> of the Plan; (y) timely objects to the releases contained in <u>Article VIII.D</u> of the Plan and such objection is not resolved prior to Confirmation; or (z) with respect to Non-Released Claims, is a Non-Released Party.

Under the Plan, "**Exculpated Parties**" means, collectively, and in each case in its capacity as such, (a) the Debtors; (b) the Reorganized Debtors; (c) the directors, managers, and officers of the Debtors who served in such capacity during any portion of the Chapter 11 Cases; and (d) the Professionals retained by the Debtors in the Chapter 11 Cases.

Under the Plan, "**Related Party**" means, collectively, with respect to any Person or Entity, each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any Governing Body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees,

agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors and any such Person's or Entity's respective heirs, executors, estates, and nominees.

**RELEASES BY THE DEBTORS**

Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged by and on behalf of each and all of the Debtors, their Estates, and if applicable, the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action whatsoever (including any Avoidance Actions and any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, and their Estates), whether liquidated or unliquidated, fixed, or contingent, matured, or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executory, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, the Debtors, the Reorganized Debtors, and their Estates, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Estates (including the capital structure, management, ownership, or operation thereof), the solicitation and provision of Solicitation Materials to Holders of Claims prior to the Chapter 11 Cases, the Chapter 11 Cases, the Restructuring Transactions, the Reorganized Debtors (including the capital structure, management, ownership, or operation thereof), the purchase, sale, or rescission of any Security of the Debtors, the Reorganized Debtors, and their Estates, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion of enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, including all prior recapitalizations, restructurings, or refinancing efforts and transactions, any Securities issued by the Debtors and the ownership thereof, the Debtors' in- or out-of-court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, Avoidance Actions, any related adversary proceedings, the formulation, documentation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the RSA, the Definitive Documents, the Plan Supplement, or any Restructuring Transaction,

contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Definitive Documents, the Plan Supplement, the Exit Term Loan Facility Participation, the DIP Term Loan Facility, the DIP ABL Facility, the DIP Orders, the DIP Documents, the Exit Facilities, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act, or omission, transaction, agreement, event, or other occurrence taking place on or before, in respect of the foregoing clause the Effective Date.

Notwithstanding anything in the Plan to the contrary, the Debtors do not, pursuant to the releases set forth above, release (i) any Causes of Action identified in the Schedule of Retained Causes of Action; (ii) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions; or (iii) any Non-Released Claims with respect to any Non-Released Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the Claims or Causes of Action released by the Debtor Release; (iii) in the best interests of the Debtors, the Estates, and all Holders of Claims and Interests; (iv) fair, equitable, and reasonable; (v) given and made after reasonable investigation by the Debtors and after notice and opportunity for hearing; and (vi) a bar to any of the Debtors, the Reorganized Debtors, or the Estates asserting any Claim or Cause of Action released by the Debtor Release against any of the Released Parties.

<u>RELEASES BY THE RELEASING PARTIES</u>

Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all claims and Causes of Action whatsoever (including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, and their Estates), whether liquidated or unliquidated, fixed, or contingent, matured, or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that

such Holders or their Estates, Affiliates, heirs, executory, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, the Debtors, the Reorganized Debtors, and their Estates, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Estates (including the capital structure, management, ownership, or operation thereof), the solicitation and provision of Solicitation Materials to Holders of Claims prior to the Chapter 11 Cases, the Chapter 11 Cases, the Restructuring Transactions, the Reorganized Debtors (including the management, ownership, or operation thereof), the purchase, sale, or rescission of any Security of the Debtors, the Reorganized Debtors, and their Estates, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion of enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases including all prior recapitalizations, restructurings, or refinancing efforts and transactions, any Securities issued by the Debtors and the ownership thereof, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the decision to file the Chapter 11 Cases, any related adversary proceedings, the formulation, documentation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the RSA, the Definitive Documents, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Definitive Documents, the Plan Supplement, the Exit Term Loan Facility Participation, the DIP Term Loan Facility, the DIP ABL Facility, the DIP Orders, the DIP Documents, the Exit Facilities, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act, or omission, transaction, agreement, event, or other occurrence taking place on or before, in respect of the foregoing clause the Effective Date.

Notwithstanding anything to the contrary in the Plan, the Released Parties do not, pursuant to the releases set forth above, release: (i) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, and Restructuring Transactions, or any documents, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions; (ii) the rights of any Holder of Allowed Claims to receive distributions under the Plan; or (iii) any Non-Released Claims with respect to any Non-Released Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (i) consensual; (ii) essential to the Confirmation; (iii) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (iv) a good faith

settlement and compromise of the claims or Causes of Action released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) given and made after due notice and opportunity for hearing; and (viii) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

## EXCULPATION

To the fullest extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party will be released and exculpated from, any Claim or Cause of Action arising prior to the Effective Date in connection with or arising out of the administration of the Chapter 11 Cases, the negotiation and pursuit of the RSA, the Definitive Documents, the Plan Supplement, the Exit Term Loan Facility Participation, the DIP Term Loan Facility, the DIP ABL Facility, the DIP Orders, the DIP Documents, the Exit Facilities, or the filing of the Chapter 11 Cases, the solicitation of votes for, or Confirmation of, the Plan, the funding of the Plan, the occurrence of the Effective Date, the administration of the Plan or the property to be distributed under the Plan, the issuance of Securities under or in connection with the Plan, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the post-Effective Date Debtors, if applicable, in connection with the Plan and the Restructuring Transactions, or the transactions in furtherance of any of the foregoing, other than Claims or Causes of Action in each case arising out of or related to any act or omission of an Exculpated Party that is a criminal act or constitutes actual fraud, willful misconduct, or gross negligence as determined by a Final Order, but in all respects such Persons will be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of Securities pursuant to the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of Securities thereunder.  The exculpation will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable Law or rules protecting such Exculpated Parties from liability.

The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable Laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable Law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## INJUNCTION

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that have been released, discharged, or are subject to exculpation are

permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities or the Estates on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities released or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in <u>Article VIII.F</u> of the Plan.

## <u>DISCHARGE OF CLAIMS AND TERMINATION OF INTERESTS</u>

Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, the Confirmation Order, any other Definitive Documents, or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims or Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of

the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not:  (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan.  Any default by the Debtors or their non-Debtor Affiliates with respect to any Claim or Interest existing immediately prior to or on account of the filing of the Chapter 11 Cases shall be deemed cured on the Effective Date.  The Confirmation Order shall be a judicial determination of the discharge of all Claims (other than any Reinstated Claims) and Interests (other than any Intercompany Interests that are Reinstated) subject to the occurrence of the Effective Date, except as otherwise specifically provided in the Plan, or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan.

## RELEASE OF LIENS

**Except as otherwise provided in the Exit Facility Documents, the Plan, the Confirmation Order, or any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a secured claim or any related claim that may be asserted against a non-Debtor Affiliate, in satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, except for Other Secured Claims that the Debtors elect to Reinstate in accordance with the Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates or any non-Debtor Affiliate shall be fully released and discharged, and all of the right, benefit, title, and interest of any Holder (and the applicable Agents of such Holder, including the Agents/Trustees) of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert and, as applicable, be reassigned, surrendered, reconveyed, or retransferred to the Reorganized Debtors and their successors and assigns.  Any Holder of such secured claim or claim against a non-Debtor Affiliate (and the applicable agents for such Holder, including the Agents/Trustees) shall be authorized and directed, at the sole cost and expense of the Reorganized Debtors, to release any collateral or other property of any Debtor or non-Debtor Affiliate (including any Cash Collateral and possessory collateral) held by such Holder (and the applicable agents for such Holder, including the Agents/Trustees) and to take such actions as may be reasonably requested by the Reorganized Debtors to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases.  The presentation or filing of the Confirmation Order to or with any federal, state, provincial, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens.**

**To the extent that any Holder of a Secured Claim that has been satisfied or discharged in full pursuant to the Plan, or any agent for such Holder, has filed or recorded publicly any Liens and/or security interests to secure such Holder's Secured Claim, then as soon as practicable on or after the Effective Date, at the sole cost and expense of the Reorganized Debtors, such Holder (or the agent for such Holder) shall take any and all steps reasonably requested by the Debtors or the Reorganized Debtors, that are necessary or desirable to record or effectuate the cancellation and/or extinguishment of such Liens and/or security interests, including the making of any applicable filings or recordings, and the Reorganized Debtors shall be entitled to make any such filings or recordings on such Holder's behalf.**

**SETOFFS AND RECOUPMENT**

Except as expressly provided in the Plan, each Reorganized Debtor may, pursuant to section 553 of the Bankruptcy Code, set off and/or recoup against any Plan Distributions to be made on account of any Allowed Claim, any and all Claims, rights, and Causes of Action that such Reorganized Debtor may hold against the Holder of such Allowed Claim to the extent such setoff or recoupment is either (1) agreed in amount among the relevant Reorganized Debtor(s) and the Holder of the Allowed Claim or (2) otherwise adjudicated by the Bankruptcy Court or another court of competent jurisdiction; *provided* that neither the failure to effectuate a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by a Reorganized Debtor or its successor of any and all Claims, rights, and Causes of Action that such Reorganized Debtor or its successor may possess against the applicable Holder.  In no event shall any Holder of Claims against, or Interests in, the Debtors be entitled to recoup any such Claim or Interest against any Claim, right, or Cause of Action of the Debtors or the Reorganized Debtors, as applicable, unless such Holder actually has performed such recoupment and provided notice thereof in writing to the Debtors in accordance with Article XII.F of the Plan on or before the Effective Date, notwithstanding any indication in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of recoupment.

**Assumption and Rejection of Executory Contracts and Unexpired Leases**

Each Executory Contract and Unexpired Lease shall, subject to the consent of the Required Consenting NewCo First Lien Lenders be deemed assumed, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, as of the Effective Date under section 365 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease was (a) previously assumed, amended and assumed, assumed and assigned, or rejected by the applicable Debtors; (b) previously expired or terminated pursuant to its own terms; or (c) is the subject of a motion to reject such executory contract or unexpired lease that is pending on the Effective Date; *provided, however*, that neither the Restructuring nor the transactions contemplated by the Plan will constitute a change of control or other acceleration event for purposes of any Executory Contract or Unexpired Lease of the Debtors.  The assumption of Executory Contracts and Unexpired Leases hereunder may include the assignment of certain of such contracts to Affiliates, the 4WP Buyer, or the Poison Spyder Buyer.  The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions and assignments.

Except as otherwise specifically set forth in the Plan, assumptions of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date.  Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall revest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption.  Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by the Reorganized Debtors.

Except as otherwise provided in the Plan or agreed to by the Debtors (with the consent of the Required Consenting NewCo First Lien Lenders, which consent shall not be unreasonably withheld, delayed, or conditioned) and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests.  Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.

To the maximum extent permitted by Law, to the extent any provision in any Executory Contract or Unexpired Lease assumed or assumed and assigned pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption or assumption and assignment of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.

To the extent any provision of the Bankruptcy Code or the Bankruptcy Rules requires the Debtors to assume or reject an Executory Contract or Unexpired Lease, such requirement shall be satisfied if the Debtors make an election to assume or reject such Executory Contract or Unexpired Lease prior to the deadline set forth by the Bankruptcy Code or the Bankruptcy Rules, as applicable, regardless of whether or not the Bankruptcy Court has actually ruled on such proposed assumption or rejection prior to such deadline.

Dated: September 10, 2024
Wilmington, Delaware

/s/ Laura Davis Jones
**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Edward Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              tcairns@pszjlaw.com
              ecorma@pszjlaw.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Erica Clark (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        steven.serajeddini@kirkland.com
              erica.clark@kirkland.com

-and-

Anup Sathy, P.C. (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        anup.sathy@kirkland.com
              yusuf.salloum@kirkland.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

# Exhibit C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WHEEL PROS, LLC, *et al.*,[1] | ) | Case No. 24-11939 (JTD) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OR
POTENTIAL HOLDERS OF IMPAIRED CLAIMS AND/OR EXISTING
<u>EQUITY INTERESTS CONCLUSIVELY DEEMED TO REJECT THE PLAN</u>**

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY
<u>OCTOBER 10, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME</u>**

- You are receiving this notice because you are or may be (i) a Holder of a Class 10 Existing Equity Interest in Wheel Pros Holdings, L.P. and/or (ii) a Holder of a Class 11 Section 510(b) Claim.

- You are Impaired under the Plan and, therefore, conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

- Your Existing Equity Interests in Wheel Pros Holdings, L.P. and/or your Section 510(b) Claims will be cancelled, released, extinguished, and discharged and will be of no further force or effect, and you will not receive any recovery or distribution on account of your Existing Equity Interests and/or your Section 510(b) Claims in the above-captioned chapter 11 cases.

- In addition, you will be deemed to have released whatever claims you may have against the Released Parties unless you opt out of the Third-Party Release contained in <u>Article VIII.D</u> of the Plan by checking the box in **Item 2** of the enclosed "Release Opt-Out Form."  If you do not want to give this Third-Party Release, you must check the box in **Item 2** of the enclosed "Release Opt-Out Form," complete the enclosed "Release Opt-Out Form," sign it, and return it so it is **actually received** by the Solicitation Agent on or before **4:00 p.m., prevailing Eastern Time on October 10, 2024.**

- You may also opt out of the Third-Party Release by objecting to the Third-Party Release.  Such objections must be filed with on the Court's docket and served so as to be **actually received** no later than **October 10, 2024, at 4:00 p.m., prevailing Eastern Time**.

- You will not receive a release from the Releasing Parties if you elect to opt out of the Third-Party Release.

---

[1]    The last four digits of Debtor Wheel Pros, LLC's federal tax identification number are 5738.  A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/WheelPros.  The location of Debtor Wheel Pros, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 5347 S Valentia Way, Suite 200, Greenwood Village, Colorado 80111.

- For more specific information, please carefully review and consider the Plan, including the Third-Party Release, exculpation, discharge, and injunction provisions, as your rights may be affected.

**PLEASE TAKE NOTICE THAT** on September 8, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). Contemporaneously therewith, the Debtors filed the *Joint Prepackaged Plan of Reorganization of Wheel Pros, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5] (as may be altered, amended, supplemented, or modified from time to time in accordance with its terms, and including all exhibits and supplements thereto, the "Plan") and the *Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of Wheel Pros, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 8] (as may be altered, amended, supplemented, or modified from time to time in accordance with its terms, and including all exhibits and supplements thereto, the "Disclosure Statement").[2]

**PLEASE TAKE FURTHER NOTICE THAT copies of the Plan, the Disclosure Statement, and the other documents filed in these chapter 11 cases are accessible, free of charge, on the Debtors' restructuring website maintained by Stretto, Inc. (the "Solicitation Agent") at https://cases.stretto.com/WheelPros. Printed copies of the Plan, the Disclosure Statement, and the other documents filed in these chapter 11 cases may be obtained free of charge by calling the Solicitation Agent at 855-371-7511 (Toll-free US / Canada) or+1-714-716-1978 (International).** In addition, such documents are available for inspection for a fee on the Court's website at www.deb.uscourts.gov and are on file with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** you are a Holder or potential Holder of a Section 510(b) Claim against or Existing Equity Interest in the Debtors that, due to the nature and treatment of such Section 510(b) Claim or Existing Equity Interest under the Plan, *is **not** entitled to vote on the Plan*. Specifically, under the terms of the Plan, a Holder of a Claim or Interest in a Class that is Impaired under the Plan and, therefore, conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, is ***not*** entitled to vote on the Plan. The treatment of Section 510(b) Claims and Existing Equity Interests under the Plan is described in greater detail in the Disclosure Statement.

---

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Vance Johnston, Chief Executive Officer of Wheel Pros, LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 6] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration, the Plan, or the Disclosure Statement, as applicable. The statements contained herein are summaries of certain provisions contained in the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** only Holders of Class 5 First Lien Claims and Holders of Class 6 Junior Funded Debt Claims as of September 4, 2024 (the "<u>Voting Record Date</u>") are entitled to vote to accept or reject the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the following provisions are included in the Plan:

**<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND <u>ARTICLE VIII.D</u> OF THE PLAN CONTAINS THE FOLLOWING THIRD-PARTY RELEASE (THE "<u>THIRD-PARTY RELEASE</u>"):**

**Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all claims and Causes of Action whatsoever (including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, and their Estates), whether liquidated or unliquidated, fixed, or contingent, matured, or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executory, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, the Debtors, the Reorganized Debtors, and their Estates, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Estates (including the capital structure, management, ownership, or operation thereof), the solicitation and provision of Solicitation Materials to Holders of Claims prior to the Chapter 11 Cases, the Chapter 11 Cases, the Restructuring Transactions, the Reorganized Debtors (including the management, ownership, or operation thereof), the purchase, sale, or rescission of any Security of the Debtors, the Reorganized Debtors, and their Estates, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion of enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases including all prior recapitalizations, restructurings, or refinancing efforts and transactions, any Securities issued by the Debtors and the ownership thereof, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the decision to file the Chapter 11 Cases, any related adversary proceedings, the formulation, documentation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the RSA, the**

Definitive Documents, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Definitive Documents, the Plan Supplement, the Exit Term Loan Facility Participation, the DIP Term Loan Facility, the DIP ABL Facility, the DIP Orders, the DIP Documents, the Exit Facilities, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act, or omission, transaction, agreement, event, or other occurrence taking place on or before, in respect of the foregoing clause the Effective Date.

Notwithstanding anything to the contrary in the Plan, the Released Parties do not, pursuant to the releases set forth above, release: (i) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, and Restructuring Transactions, or any documents, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions; (ii) the rights of any Holder of Allowed Claims to receive distributions under the Plan; or (iii) any Non-Released Claims with respect to any Non-Released Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (i) consensual; (ii) essential to the Confirmation; (iii) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (iv) a good faith settlement and compromise of the claims or Causes of Action released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) given and made after due notice and opportunity for hearing; and (viii) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

<u>Relevant Definitions</u>:

Under the Plan, "<u>Releasing Parties</u>" means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) each Consenting Stakeholder; (d) each member of the Ad Hoc Group; (e) each ABL Lender and Holder of an ABL Claim; (f) each DIP Lender and Holder of a DIP Claim; (g) each Exit Term Loan Facility Backstop Party; (h) each of the Exit Facility Lenders; (i) each of the Agents/Trustees; (j) all Holders of Claims or Interests that vote to accept the Plan; (k) all Holders of Claims or Interests who are deemed to accept the Plan and do not affirmatively opt out of the releases provided for in the Plan; (l) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided for in the Plan; (m) all Holders of Claims or Interests who are deemed to reject the Plan and who do not affirmatively opt out of the releases provided for in the Plan; (n) all Holders of Claims or Interests who vote to reject the Plan and who do not affirmatively opt out of the releases

provided for in the Plan; (o) current and former Affiliates of each Entity in clause (a) through the following clause (p); or (p) each Related Party in clause (a) through this clause (p); *provided* that each Holder of Claims or Interests that is party to or has otherwise signed the RSA shall not opt out of the releases; *provided*, *further*, that, in each case, an Entity shall not be a Releasing Party if it:  (x) elects to opt out of the releases contained in <u>Article VIII.D</u> of the Plan; (y) timely objects to the releases contained in <u>Article VIII.D</u> of the Plan and such objection is not resolved before Confirmation; or (z) is a Non-Released Party (solely in respect of the Non-Released Claims).

Under the Plan, "<u>Released Parties</u>" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) each Consenting Stakeholder; (d) each member of the Ad Hoc Group; (e) each ABL Lender and Holder of an ABL Claim; (f) each DIP Lender and Holder of a DIP Claim; (g) each Exit Term Loan Facility Backstop Party; (h) each of the Exit Facility Lenders; (i) each of the Agents/Trustees; (j) current and former Affiliates of each Entity in clause (a) through the following clause (k); and (k) each Related Party of each Entity in clause (a) through this clause (k); *provided* that in each case, an Entity shall not be a Released Party if it:  (x) elects to opt out of the releases described in <u>Article VIII.D</u> of the Plan; (y) timely objects to the releases contained in <u>Article VIII.D</u> of the Plan and such objection is not resolved prior to Confirmation; or (z) with respect to Non-Released Claims, is a Non-Released Party.

Under the Plan, "<u>Related Party</u>" means, collectively, with respect to any Person or Entity, each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any Governing Body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors and any such Person's or Entity's respective heirs, executors, estates, and nominees.

*      *      *

**ALL HOLDERS OF IMPAIRED OR UNIMPAIRED CLAIMS OR EXISTING EQUITY INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN USING THE ENCLOSED OPT-OUT FORM, OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN, WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT-OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.D</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE VIII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE SOLICITATION AGENT.**

Dated: September 10, 2024
Wilmington, Delaware

/s/ Laura Davis Jones
**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Edward Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                ecorma@pszjlaw.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Erica Clark (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          steven.serajeddini@kirkland.com
                erica.clark@kirkland.com

-and-

Anup Sathy, P.C. (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          anup.sathy@kirkland.com
                yusuf.salloum@kirkland.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

**OPTIONAL:  RELEASE OPT-OUT FORM**

You are receiving this opt out form (the "Opt-Out Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Joint Prepackaged Plan of Reorganization of Wheel Pros, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5] (as may be altered, amended, supplemented, or modified from time to time in accordance with its terms, and including all exhibits and supplements thereto, the "Plan").  Except as otherwise set forth in the definition of Releasing Party in the Plan, Holders of Claims and Interests are deemed to grant the releases set forth in Article VIII.D of the Plan (the "Third-Party Release") unless a Holder affirmatively opts out of the Third-Party Release or timely files an objection to the Third-Party Release (an "Objection") with the United States Bankruptcy Court for the District of Delaware (the "Court") on or before October 10, 2024, at 4:00 p.m., prevailing Eastern Time, and such Objection is not resolved before confirmation.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS OPT-OUT FORM IN <u>ITEM 2</u> BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AND HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY STRETTO, INC. ("STRETTO" OR THE "SOLICITATION AGENT") ON OR BEFORE 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2024 (THE "OPT-OUT DEADLINE").**

This Opt-Out Form may not be used for any purpose other than opting out of the Third-Party Release contained in the Plan.  If you believe you have received this Opt-Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Solicitation Agent <u>immediately</u> by calling 855-371-7511 (Toll free US / Canada) OR +1-714-716-1978 (International) or emailing TeamWheelPros@Stretto.com with "Hoonigan" in the subject line.

Before completing this Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Opt-Out Form" carefully to ensure that you complete, execute, and return this Opt-Out Form properly.

<u>**Item 1**</u>. **Claims or Interests Held.**

The undersigned hereby certifies that, as of September 4, 2024 (the "Voting Record Date"), the undersigned was the Holder of the following Section 510(b) Claims and/or Existing Equity Interests in the aggregate amount(s) specified below (insert amount(s) in applicable box(es) below):

Class 10 Existing Equity Interests    _____ of Existing Equity Interests[1]

Class 11 Section 510(b) Claims    $_____

---

[1]    "Existing Equity Interests" means any Interests in Wheel Pros Holdings, L.P. existing immediately prior to the occurrence of the Effective Date.  "Interest" means any Equity Security, equity, ownership, profit interest, unit or share in any Debtor and any other rights, options, warrants, rights, restricted stock awards, performance share awards, performance share units, stock appreciation rights, phantom stock rights, redemption rights, repurchase

**Item 2**. **Third-Party Release.**

AS A HOLDER OF A CLAIM AND/OR EXISTING EQUITY INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM BY THE OPT-OUT DEADLINE OR (B) TIMELY OBJECT TO THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐      By checking this box, you elect to **OPT OUT** of the Third-Party Release set forth below.

The Third-Party Release set forth in Article VIII.D of the Plan is copied below, along with certain relevant definitions:[2]

       **Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all claims and Causes of Action whatsoever (including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, and their Estates), whether liquidated or unliquidated, fixed, or contingent, matured, or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executory, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, the Debtors, the Reorganized Debtors, and their Estates, based on or relating to, or in any manner arising from, in**

---

       rights, stock-settled restricted stock units, cash-settled restricted stock units, other securities, agreements to acquire the common stock, preferred stock, limited liability company interests, or other equity, ownership, or profits interests of any Debtor or any other agreements, arrangements or commitments of any character relating to, or whose value is related to, any such interest or other ownership interest in any Debtor (whether or not arising under or in connection with any employment agreement, separation agreement, or employee incentive plan or program of a Debtor as of the Petition Date and whether or not certificated, transferable, preferred, common, voting, or denominated "stock" or similar security).

[2]        The Plan also contains Debtor releases, exculpation, and injunction provisions set forth in Articles VIII.C, VIII.E, and VIII.F of the Plan, respectively.  Unless you otherwise are included in the definition of Released Parties, you must be a Releasing Party (*i.e.*, a Holder of a Claim or Interest that does not opt out of the Third-Party Release) to receive the Debtor releases set forth in Article VIII.C.

whole or in part, the Debtors or their Estates (including the capital structure, management, ownership, or operation thereof), the solicitation and provision of Solicitation Materials to Holders of Claims prior to the Chapter 11 Cases, the Chapter 11 Cases, the Restructuring Transactions, the Reorganized Debtors (including the management, ownership, or operation thereof), the purchase, sale, or rescission of any Security of the Debtors, the Reorganized Debtors, and their Estates, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion of enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases including all prior recapitalizations, restructurings, or refinancing efforts and transactions, any Securities issued by the Debtors and the ownership thereof, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the decision to file the Chapter 11 Cases, any related adversary proceedings, the formulation, documentation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the RSA, the Definitive Documents, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Definitive Documents, the Plan Supplement, the Exit Term Loan Facility Participation, the DIP Term Loan Facility, the DIP ABL Facility, the DIP Orders, the DIP Documents, the Exit Facilities, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act, or omission, transaction, agreement, event, or other occurrence taking place on or before, in respect of the foregoing clause the Effective Date.

Notwithstanding anything to the contrary in the Plan, the Released Parties do not, pursuant to the releases set forth above, release:  (i) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, and Restructuring Transactions, or any documents, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions; (ii) the rights of any Holder of Allowed Claims to receive distributions under the Plan; or (iii) any Non-Released Claims with respect to any Non-Released Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (i) consensual; (ii) essential to the Confirmation; (iii) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (iv) a good faith settlement and compromise of the claims or Causes of Action released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) given and made after due notice and opportunity for hearing; and (viii) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

<u>Certain Definitions Related to the Third-Party Release</u>:

Under the Plan, "<u>Releasing Parties</u>" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) each Consenting Stakeholder; (d) each member of the Ad Hoc Group; (e) each ABL Lender and Holder of an ABL Claim; (f) each DIP Lender and Holder of a DIP Claim; (g) each Exit Term Loan Facility Backstop Party; (h) each of the Exit Facility Lenders; (i) each of the Agents/Trustees; (j) all Holders of Claims or Interests that vote

to accept the Plan; (k) all Holders of Claims or Interests who are deemed to accept the Plan and do not affirmatively opt out of the releases provided for in the Plan; (l) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided for in the Plan; (m) all Holders of Claims or Interests who are deemed to reject the Plan and who do not affirmatively opt out of the releases provided for in the Plan; (n) all Holders of Claims or Interests who vote to reject the Plan and who do not affirmatively opt out of the releases provided for in the Plan; (o) current and former Affiliates of each Entity in clause (a) through the following clause (p); or (p) each Related Party in clause (a) through this clause (p); *provided* that each Holder of Claims or Interests that is party to or has otherwise signed the RSA shall not opt out of the releases; *provided*, *further*, that, in each case, an Entity shall not be a Releasing Party if it:  (x) elects to opt out of the releases contained in <u>Article VIII.D</u> of the Plan; (y) timely objects to the releases contained in <u>Article VIII.D</u> of the Plan and such objection is not resolved before Confirmation; or (z) is a Non-Released Party (solely in respect of the Non-Released Claims).

Under the Plan, "<u>Released Parties</u>" means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) each Consenting Stakeholder; (d) each member of the Ad Hoc Group; (e) each ABL Lender and Holder of an ABL Claim; (f) each DIP Lender and Holder of a DIP Claim; (g) each Exit Term Loan Facility Backstop Party; (h) each of the Exit Facility Lenders; (i) each of the Agents/Trustees; (j) current and former Affiliates of each Entity in clause (a) through the following clause (k); and (k) each Related Party of each Entity in clause (a) through this clause (k); *provided* that in each case, an Entity shall not be a Released Party if it:  (x) elects to opt out of the releases described in <u>Article VIII.D</u> of the Plan; (y) timely objects to the releases contained in <u>Article VIII.D</u> of the Plan and such objection is not resolved prior to Confirmation; or (z) with respect to Non-Released Claims, is a Non-Released Party.

Under the Plan, "<u>Related Party</u>" means, collectively, with respect to any Person or Entity, each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any Governing Body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors and any such Person's or Entity's respective heirs, executors, estates, and nominees.

**Item 3**. **Certifications.**

By signing this Opt-Out Form, the undersigned that:

(a)     as of the Voting Record Date, either:  (i) the undersigned is the Holder of the Section 510(b) Claims and/or Existing Equity Interests set forth in Item 1; or (ii) the undersigned is an authorized signatory for an Entity or Person that is the Holder of the Section 510(b) Claims and/or Existing Equity Interests set forth in Item 1;

(b)     the Holder has received a copy of the *Notice of Non-Voting Status to Holders or Potential Holders of Impaired Claims and/or Existing Equity Interests Conclusively Deemed to Reject the Plan* and acknowledges that this Opt-Out Form is made pursuant to the terms and conditions set forth therein;

(c)     the undersigned has made the same election with respect to the Third-Party Release with to all of its Section 510(b) Claims and/or Existing Equity Interests; and

(d)     no other Opt-Out Form(s) with respect to the Section 510(b) Claims and/or Existing Equity Interests set forth in Item 1 have been submitted or, if any other Opt-Out Form(s) have been submitted with respect to such Section 510(b) Claims and/or Existing Equity Interests, then any such earlier Opt-Out Form(s) are hereby revoked.

YOUR RECEIPT OF THIS OPT-OUT FORM DOES NOT SIGNIFY THAT YOUR SECTION 510(B)CLAIM OR EXISTING EQUITY INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| Name of Holder: | |
| | (Print or type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

If your address or contact information has changed, please note the new information here.

## INSTRUCTIONS FOR COMPLETING AND RETURNING THIS OPT-OUT FORM

1.  **For this Opt-Out Form to be valid and effective, it must be completed and signed as provided above and returned to the Solicitation Agent by** <u>**one**</u> **of the following methods so as to be** <u>***actually received***</u> **by the Solicitation Agent no later than the Opt-Out Deadline, which is October 10, 2024, at 4:00 p.m., prevailing Eastern Time.**

    **By First-Class Mail, Overnight Mail, or Hand Delivery to:**

    Wheel Pros, LLC, et al. Ballot Processing
    c/o Stretto
    410 Exchange, Suite 100
    Irvine, CA 92602

    **By Electronic, Online Submission via Stretto's Online Portal:**

    Please visit https://balloting.stretto.com/WheelProsOptOutImpaired and follow the directions to submit your Opt-Out Form.  If you choose to submit your Opt-Out Form via Stretto's Online Portal, you should <u>not</u> also return a hard copy of your Opt-Out Form.

2.  <u>**Use of Hard Copy Opt-Out Form**</u>.  To ensure that your hard copy Opt-Out Form and any opt out election transmitted thereby is effective, you must:  (a) clearly indicate your decision to "opt out" of the Third-Party Release set forth in the Plan in <u>Item 2</u> above; (b) make sure that the information required by <u>Item 3</u> above has been correctly inserted; and (c) clearly sign and return your original Opt-Out Form to the above street address so as to be **actually received** by the Solicitation Agent no later than the Opt-Out Deadline.

3.  <u>**Use of Electronic Opt-Out Form**</u>.  To ensure that your electronic Opt-Out Form and any opt out election transmitted thereby is effective, please visit https://balloting.stretto.com/WheelProsOptOutImpaired and follow the instructions for online submission.  The online portal is the sole manner in which an Opt-Out Form will be accepted via electronic means.  **Opt-Out Forms will not be accepted by email, facsimile, or other electronic means.**

4.  If an Opt-Out Form is received by the Solicitation Agent *after* the Opt-Out Deadline, any opt out election transmitted thereby will not be effective.  Additionally, **the following Opt-Out Forms will** ***not*** **be counted**:

    (a) any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the Holder of the Section 510(b) Claim or Existing Equity Interest;
    (b) any Opt-Out Form cast by or on behalf of an entity that is not entitled to opt-out of the Third-Party Release;
    (c) any Opt-Out Form that was transmitted other than as specifically set forth in the Opt-Out Form;
    (d) any Opt-Out Form that was sent to any person or entity other than the Solicitation Agent;
    (e) any Opt-Out Form that is unsigned; and
    (f) any Opt-Out Form that is not clearly marked to opt-out of the Third-Party Release.

5.  The method of delivery of Opt-Out Forms to the Solicitation Agent is at the election and risk of each Holder of a Section 510(b) Claim or Existing Equity Interest.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent <u>***actually receives***</u> the original

executed Opt-Out Form.  For the avoidance of doubt, an Opt-Out Form submitted electronically via the online portal shall be considered an original.  In all cases, Holders should allow sufficient time to assure timely delivery.

6.  If multiple Opt-Out Forms are received from the same Holder with respect to the same Section 510(b) Claim or Existing Equity Interest prior to the Opt-Out Deadline, the last, timely received Opt-Out Form will supersede and revoke any earlier received Opt-Out Form(s).

7.  This Opt-Out Form shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (i) the Debtors revoke or withdraw the Plan, (ii) the Confirmation Order is not entered, or (iii) consummation of the Plan does not occur.

8.  The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to opt-out of the Third-Party Release.  Accordingly, at this time, Holders of Existing Equity Interests should not surrender certificates or instruments representing or evidencing their Existing Equity Interests, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with an Opt-Out Form.

9.  This Opt-Out Form does **not** constitute and shall not be deemed to be:  (a) a Proof of Claim; (b) a proof of Interest; or (c) an assertion or admission with respect to any Claim or Existing Equity Interest.

10.  <u>**Please be sure to sign and date your Opt-Out Form**</u>.  If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, if required or requested by the Solicitation Agent, the Debtors, or the Court (if applicable), you must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to your Opt-Out Form.

**<u>PLEASE RETURN YOUR OPT-OUT FORM PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-OUT
FORM, THE INSTRUCTIONS, OR THE PROCEDURES FOR SUBMITTING
YOUR OPT-OUT FORM, PLEASE CONTACT THE SOLICITATION AGENT AT
<u>TEAMWHEELPROS@STRETTO.COM</u> (WITH A REFERENCE TO "HOONIGAN" IN THE
SUBJECT LINE) OR CALL 855-371-7511 (TOLL-FREE US / CANADA) OR +1-714-716-1978
(INTERNATIONAL).**

---

**IF THE SOLICITATION AGENT DOES NOT *<u>ACTUALLY RECEIVE</u>* THIS OPT-OUT FORM
FROM YOU BEFORE THE OPT-OUT DEADLINE, WHICH IS OCTOBER 10, 2024, AT
4:00 P.M., PREVAILING EASTERN TIME, THEN YOUR OPT-OUT ELECTION
TRANSMITTED THEREBY WILL NOT BE EFFECTIVE.**